IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC.<br><br>v.<br><br>DOES 1 – 4,350 | 1:10-cv-00569-RJL |

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO QUASH SUBPOENA AND DISMISS OR SEVER FOR MISJOINDER

Defendant John Doe[1] (97.91.179.237) hereby moves to dismiss the Complaint for lack of personal jurisdiction, or, in the alternative, to quash subpoena and dismiss or sever for misjoinder.

### I. FACTUAL BACKGROUND

Plaintiff filed its First Amended Complaint on August 10, 2010, to which it attached a list of each "Defendant thus far identified." In pursuit of identifying information for such defendants, Plaintiff issued a subpoena to Charter Communications, an Internet Service Provider (ISP), requesting information about many of the defendants' identities. In issuing the subpoenas, the Plaintiff primarily relies upon an Internet Protocol (IP) address[2] to identify each of the alleged infringers. Defendant John Doe (97.91.179.237) was identified by IP address 97.91.179.237. Using a publicly available WHOIS query, such as the one located at http://whois.arin.net, anyone can determine that this particular IP address is assigned to Charter Communications in the St. Louis, Missouri area. See Exhibit #1. On information and belief, Plaintiff used this method of

---

[1] Defendant John Doe is identified only with the IP address to which he is associated in the Plaintiff's subpoena to Charter Communications.

[2] Broadly, an IP address is a numerical label assigned to a device participating on a computer network. More detailed information about IP addresses may be found online. See, e.g. http://en.wikipedia.org/wiki/IP_address

acquiring information to identify Charter as the appropriate ISP to which to issue the subpoena. Prior to disclosing Defendant's identifying details, Charter provided Defendant with notice of the Plaintiff's subpoena and Defendant retained undersigned counsel. This Motion follows.

## II. PERSONAL JURISDICTION IS NOT APPROPRIATE

Defendant John Doe (97.91.179.237) is not a resident of the District of Columbia. Defendant is a resident of Missouri. See Exhibit #2. Accordingly, this Court must "engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing United States v. Ferrara, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1995).

The first inquiry is whether John Doe (97.91.179.237) is subject to jurisdiction under the District of Columbia long arm statute. That statue requires that a defendant "caused a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District." Id. (citing D.C. Code Ann. § 13-423(a) (1981)). The three enumerated contacts are where Defendant "[i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code Ann. § 13-423(a) (1981).

A short review of the relevant facts in this matter demonstrate that personal jurisdiction under the D.C. long arm statute is simply not appropriate. Plaintiff is a Missouri resident. Plaintiff's use of the internet service provided by Charter Communications, via the IP address in question, occurred entirely in Missouri. Defendant has never done business in Washington, DC,

has never engaged in any persistent course of conduct, and derives no revenue from goods or services provided in the District of Columbia. Given Defendant's total lack of contacts with Washington, D.C. John Doe (97.91.179.237) would simply not be subject to District of Columbia jurisdiction under the applicable long arm statute under any theory.

Even in the rare case where personal jurisdiction may be possible under the long arm statute, the exercise of jurisdiction over Defendant would far exceed the bounds of the Due Process clause. In seeking jurisdiction over a defendant, "a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). In evaluating these notions, "courts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)).

Again, Missouri resident John Doe (97.91.179.237) was simply using his computer in Missouri via an ISP that advertised its services as available in Missouri. Not only does John Doe (97.91.179.237) not have "minimum contacts" with Washington, D.C., he has *absolutely no jurisdictional contact* with Washington D.C. and could have no reasonable anticipation of being haled into court in the District of Columbia. Unsurprisingly, other courts have come to the same conclusion in similar fact patterns. See e.g. ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707 (4th Cir. Md. 2002) (out-of-state ISP hosting infringing copywritten material was not

subject to personal jurisdiction); Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128 (D.D.C. 2009) (no jurisdiction over unknown online speakers).

While it is already clear enough that jurisdiction is not appropriate over John Doe (97.91.179.237), Plaintiff makes no allegation in its First Amended Complaint that any defendant has the appropriate contacts to be subject to personal jurisdiction in the District of Columbia. See generally Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 133 (D.D.C. 2009). Furthermore, Plaintiff already knows, via its public-access DNS searches, that the user of the IP address in question is based in the St. Louis, Missouri region. See Exhibit #1. These facts are further proof that jurisdiction is simply not appropriate in this case, and call into question whether Defendant should have even been named in the present action.

Given that jurisdiction over John Doe (97.91.179.237) in this matter cannot be lawfully maintained, the matter should be appropriately dismissed.

### III. THE SUBPOENA SHOULD BE QUASHED

Even in the unlikely event that personal jurisdiction were appropriate, the subpoena issued to Charter Communications, seeking information about IP address 97.91.179.237 should be quashed.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes an "undue burden." Furthermore, the Federal Rules dictates that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Flatow v. Islamic Republic of

Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), vacated in part and affirmed in part on other grounds, 305 F.3d 1249 (D.C. Cir. 2002).

As to Defendant, Plaintiff already knew, by virtue of its WHOIS inquiry in Exhibit #1, that John Doe (97.91.179.237) is located in the St. Louis, Missouri area. Accordingly, Plaintiff already knows, or should know, that jurisdiction over Defendant will simply not be lawful for reasons already discussed. Whether the Plaintiff has the specific name and street address of the Defendant's Missouri home is completely irrelevant to the matter at hand until Plaintiff demonstrates that jurisdiction over a Missouri resident would meet standards of personal jurisdiction. As explained, "relevance and the need of the party for the documents" are two core inquiries in determining the burden of a subpoena request. Flatow, 196 F.R.D. at 206 (D.D.C. 2000). In this case, Plaintiff already has all the information necessary to determine whether Defendant is subject to personal jurisdiction. Until that issue is resolved, the subpoena is simply asking for information that is not relevant to the issues at hand. The subpoena requesting irrelevant and unnecessary information should accordingly be quashed.

## IV. MISJOINDER

Finally, even in the unlikely scenario that the matter is not dismissed for lack of personal jurisdiction or the subpoena is not quashed, John Doe (97.91.179.237) should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In this case, Plaintiff is attempting to improperly join over four thousand individuals in a single action without alleging any coordinated action between the defendants or any right to relief that arises out of the same transaction.

There is no alleged or implied relationship between the 4,300 defendants. In addition, the First Amended Complaint contains no allegation that any two defendants acted in concert or otherwise conspired against Plaintiff. Other courts have found that a failure to make such allegations to be fatal to an attempt to join numerous defendants. <u>Arista Records, LLC v. Does 1-4</u>, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) ("The 'same transaction' requirement [of Fed. R. Civ. P. 20] means there must be some allegation that the joined defendants 'conspired or acted jointly.'" (citation omitted)).

Other courts have questioned the propriety of joinder in other file-sharing cases brought by the recording industry against pseudonymous defendants. Specifically:

> "It appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper."

<u>Arista Records LLC</u>, 589 F. Supp. 2d 154 (D. Conn. 2008) (<u>citing</u> <u>Arista Records, LLC v. Does 1-11</u>, No. 07-2828, 2008 U.S. Dist. LEXIS 90183, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)). At least one court has even gone so far as to suggest that Rule 11 sanctions might apply for the attempted joinder of numerous defendants in cases involving similar fact patterns. <u>Arista Records, LLC v. Does 1-27</u>, No. 07-162, 2008 U.S. Dist. LEXIS 6241, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008).

Finally, and perhaps most importantly, Defendant would be heavily prejudiced by the incredible number of infringement and remedies arguments that a jury would be required to

consider at trial. Joinder rules exist to maintain a minimal level of sanity in a litigation proceeding. Joining 4,300 defendants, located all across the country, and alleging that these thousands of defendants have infringed any number of works is exactly the type of situation that joinder rules intend to avoid. Defendant should accordingly be severed or dismissed from the present matter.

## IV. CONCLUSION

Given all the foregoing, Defendant John Doe (97.91.179.237) respectfully requests that the Court dismiss Defendant for lack of personal jurisdiction. Alternatively, any requests made via subpoena pertaining to Defendant should be quashed and Defendant should be severed from the present proceeding.

Respectfully submitted,

_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
http://www.cyberlaw.pro

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court via ECF.

_____
Eric J. Menhart