## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MAVERICK ENTERTAINMENT**<br>**GROUP, INC.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00569-RJL** |
| | ) | |
| **DOES 1 – 4,350** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH/MOTIONS TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. STANDARDS ON MOTIONS TO QUASH................................................2

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY

    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

    INFRINGE PLAINTIFF'S COPYRIGHTS .......................................................4

    C. DOE DEFENDANTS' ARGUMENTS ARE MISPLACED........................6

        1. Quashing the subpoena or dismissing a particular Doe Defendant based on personal

        jurisdiction grounds would be premature ...................................................6

        2. Any argument that a Doe Defendant did not engage in the alleged infringement is

        inappropriate on a motion to quash...........................................................14

        3. Doe Defendants' arguments related to joinder do not justify quashing the

        subpoena or dismissing a Doe Defendant and are generally inappropriate at this stage

        of the proceedings .......................................................................................15

    D. DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION

    REQUESTED IS PRIVILEGED OR CONFIDENTIAL .................................16

III. CONCLUSION................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76 (2d Cir.1993)................................12

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) ............................ 3-4

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ..........................17

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y February 18, 2009)................ 6-7

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008).................................... 16-17

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) ...................................17

Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278

(D.S.D. Nov. 4, 2009) ...................................................................................3

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D.Pa.)...................................................4

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .................................................17

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed.Cir. 1986) ..................................4

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)...........................................4

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008)........................................16

Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir.1998)...............................................12

Johnson v. Gmeinder, 191 F.R.D. 638 (D.Kan.2000) ....................................................3

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ................................17

London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008)....................................6

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .......17

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C.Cir. 1984)...............................4

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007)........................................3

PDK Labs, Inc. v. Friedlander, 103 F.3d 1105 (2d Cir. 1997) ......................................................12

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)..............6, 13, 16, 17

Thomas v. Marina Assocs., 202 F.R.D. 433 (E.D.Pa.2001) ............................................................3

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.).........17

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) .................................17

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) .................................................................17

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979).......................................................4

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)...................................17

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) .................................3

Webster Industries, Inc. v. Northwood Doors, Inc., 234 F.Supp.2d 981 (N.D. Iowa 2002) ... 10-11

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C.Cir. 1965) .......................4

Windsor v. Martindale, 175 F.R.D. 665 (D.Colo.1997) .................................................................3

Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001)............ 9-10

**Statutes**

Fed. R. Civ. P., Rule 4 ................................................................................................................. 8-9

Fed. R. Civ. P., Rule 5 ....................................................................................................................9

Fed. R. Civ. P., Rule 12 ..................................................................................................................9

Fed. R. Civ. P., Rule 17 ..................................................................................................................9

Fed. R. Civ. P., Rule 26 ............................................................................................................. 2-3

Fed. R. Civ. P., Rule 41 ................................................................................................................11

Fed. R. Civ. P., Rule 45 ..................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff submits this opposition to numerous motions filed as purported motions to quash and/or motions to dismiss and requests that the Court consider this opposition to apply to all similar motions already filed and that will be filed in the future.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion pictures over the Internet.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on April 9, 2010 and named Does 1-1,000 as Defendants. [Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court via a minute order on April 19, 2010 and via a written order on May 24, 2010.  [*See* Doc. Nos. 4-6 and 7]  Thereafter, Plaintiff served approximately numerous subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement.  Various Doe Defendants have filed motions to quash the subpoenas and/or dismiss.  As of the filing of this opposition, Plaintiff's counsel is aware of two such motions that have been filed and placed on

the Court's docket – Doc. No. 12 (motion to filed by Robert A. Foster[1]) and Doc. No. 14 (a

motion filed on behalf of an anonymous Doe Defendant).[2]  Because the motions do not provide

good cause for quashing the subpoena or dismissing a particular Doe Defendant, Plaintiff

requests that the motions be denied in their entirety.  Additionally, because the motions present

nearly identical arguments as presented in a number of similar cases pending in this Court, and

because Plaintiff anticipates that additional similar motions will be filed in this case, Plaintiff

requests that any similar future motions be denied in their entirety without Plaintiff having to file

a separate opposition.


II. ARGUMENT

       The Doe Defendants advance a number of arguments in their motions, most notably that

the Court lacks personal jurisdiction over them and that joinder of the multiple Doe Defendants

is improper.  However, all of these arguments are misplaced and improper at this stage of the

proceedings.

       A.  STANDARDS ON MOTIONS TO QUASH

       A person served a discovery subpoena may move either for a protective order under Rule

26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c)

authorizes district courts, upon a showing of "good cause" by "a party or by the person from

whom discovery is sought" to "make any order which justice requires to protect a party or person

---

[1]  Because Mr. Foster has not provided any contact information, Plaintiff is unable to serve a
copy of this opposition on him.

[2] Plaintiff has received another motion to quash, but it has not appeared on the Court's electronic
docket.  Plaintiff's counsel has been unable to determine whether this motion has actually been
filed with the Court.

2

from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3)

provides that the court may quash or modify the subpoena if it requires disclosure of privileged

or other protected matter, if no exception or waiver applies, or if it subjects a person to undue

burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party,

but a party does have standing to object to a subpoena served upon a non-party which requires

the production of privileged information."  Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-

102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990

F. Supp. 1138, 1141 (E.D.Mo.1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D.

18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should

generally be made by the person from whom the documents or things are requested." [citing 9A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the

grounds that it requires disclosure of information "privileged at common law or by statute or

rule" and not any other grounds.  See Windsor v. Martindale, 175 F.R.D. 665, 668

(D.Colo.1997).  "The general rule is that a party has no standing to quash a subpoena served

upon a third party, except as to claims of privilege relating to the documents being sought."  Id.

(citation omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D.Kan.2000);

Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D.Pa.2001); Novak v. Capital Mgmt. & Dev.

Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate

claim of privilege the Defendants would have had to show some reason to believe that the

subpoena threatened the disclosure of information that was protected by a privilege that *these*

Defendants could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8,

9-10 (D.D.C. 2009) (Facciola, J.) (holding that District of Columbia Department of Corrections had no right to claim work product or attorney-client privilege with regard to United States Attorney's Office's files relating to former corrections officer's criminal prosecution for assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are not at issue. See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHTS.

The court has already determined that Plaintiff has met its threshold burden to obtain

further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley, Limited.  This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movies on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  See Achache Declaration [Doc. No. 6] ¶ 4.  Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movies for unlawful transfer or distribution.  See id. at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's movies from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's movies by watching both and comparing them.  Id. at ¶¶ 16-17.

C.  DOE DEFENDANTS' ARGUMENTS ARE MISPLACED.

   1.   Quashing the subpoena or dismissing a particular Doe Defendant based on
        personal jurisdiction grounds would be premature.

The Doe Defendants argue that this Court lacks personal jurisdiction over them. However, the determination of the Court's jurisdiction over a particular Doe Defendant is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Defendants and has not yet named any Defendant.

In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[3]  The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants." Id. at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature."  Id.; see London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); see also Arista Records LLC v. Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying

---

[3]  Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Here, quashing the subpoena based on personal jurisdiction would likewise be premature. Plaintiff has not yet received any of the identifying information sought from the ISPs for these Doe Defendants. Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the address associated with each Doe Defendant's ISP account. As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas. Because Plaintiff would otherwise be entitled to discovery to challenge the moving Doe Defendants' declarations and because identifying discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify the moving Doe Defendants' assertions.

Second, the information sought from the ISPs gives more information than simply the name and address of the Doe Defendants. Most importantly, the information provided by the ISPs in response to the subpoenas gives the definitive connection between the IP address and the associated ISP customer. Again, the ISPs are the only ones with this information, as most ISPs assign IP addresses dynamically and are the only ones with the logs to determine the customer associated with an IP address at a specific date and time in the past.

For some of the moving Doe Defendants, getting this information from the ISP is critical, as some Doe Defendants have not stated the IP address associated with their ISP account that Plaintiff has alleged to infringe Plaintiff's movies. Because Plaintiff has not received this information from the ISP yet, Plaintiff has no way to connect those Doe Defendants with any particular IP address.

7

For the anonymous moving Doe Defendants that did provide an IP address, Plaintiff still needs the production from the ISP.  Again, as the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas.

Further, as requested in the subpoenas, some ISPs are able to provide the Doe Defendants' modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case.  None of the moving Doe Defendants has provided this information.

It must be noted that the moving Doe Defendants have not cited a single legal basis or authority where a motion to dismiss a Doe defendant was granted before the plaintiff actually specifically named that Doe defendant.  While the motions attempt to discredit Plaintiff's allegations and primarily rely on the assumption that the geographical location techniques are conclusive, which they have proven not to be, it does so without regard to the timing of its motion.  In the end, the motions do not provide a single authority applicable to the stage of this case – when Plaintiff is still proceeding against Doe Defendants.

The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to the complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant).  For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant."  Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added).

Only then can the provisions of the Federal Rules of Civil Procedure, such as when a defendant must file a responsive pleading or motion, take effect.  Therein, one of the things the summons must do is advise the defendant of the obligation to "appear and defend" and state the time the defendant has for doing so, whether after being served with the summons or by waiving service.  See Fed. R. Civ. P.

4(a)(1)(D).  The timeframe in which a defendant has to "appear and defend" therefore does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[4]

Accordingly, moving Doe Defendants' motions to dismiss should be denied because there is no authority that they were even permitted to file them.  As stated in Fed. R. Civ. P. 12(b):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading *if one is required*. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction…A motion asserting any of these defenses must be made before pleading *if a responsive pleading is allowed*. … If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b) (emphasis added).

The language clearly contemplates that a motion to dismiss for lack of personal jurisdiction is only appropriate if a responsive pleading is required or allowed.  A responsive pleading is not yet required of the anonymous Doe Defendants because their deadline to appear and defend has not even started.  They are not yet named parties to the case, and no summons has been issued with their names or directed at them.  [See Docket Entry of 5/27/10 ("SUMMONS Not Issued….")]

The only case Plaintiff's counsel could find similar to this topic is inapplicable and easily distinguishable.  In Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001), the court allowed an unnamed and unserved doe defendant to file an answer.  Id. at *3 (as the judge noted, "[n]either the parties, nor I, have found any cases on the issue faced here").  However, there the plaintiff alleged a specific alias name for the doe defendant, and the doe defendant's answer

---

[4]  While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case.  For example, Fed. R. Civ. P. 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. 5(b)(2)).

admitted using the alias name as described in the Complaint.  See id.  Accordingly, it was established

that the person who filed the answer was definitively the doe defendant because that defendant admitted

committing the alleged acts.

That is not the case here.  The moving Doe Defendants have not admitted to engaging in the

activities alleged by Plaintiff, and they have not even admitted to owning the IP addresses associated

with the infringing activity.  Rather, the moving Doe Defendants generally assert the exact opposite –

that they did not engage in any infringing activity.

In fact, the court in Zwebner recognized this distinction when it noted that a Massachusetts court

declined to allow the unnamed defendant to file a motion to dismiss based on lack of personal

jurisdiction in a companion case:

> Plaintiff suggests that in a similar case filed by plaintiff in Massachusetts and currently pending there, the court rejected French's attempt to appear in the case. The pleadings in that case show that plaintiff named as defendants Robert Villasenor and John Does 1-100. In the Complaint, plaintiff alleges that John Doe 1 used the alias "InternetZorro" when communicating over the Internet. Plaintiff also alleges that Villasenor published statements about plaintiff on the JDAF website, which plaintiff contends is controlled by French. Plaintiff further alleges that French published "a series of innuendos" about plaintiff on the Internet and that InternetZorro published "numerous false and defamatory statements about Zwebner." [¶] French filed a motion to dismiss contending that the court lacked personal jurisdiction over him. The court declined to hear French's motion because French was not a party to the action. [¶] Thus, unlike in the present case, French did not appear and answer admitting he was InternetZorro, and the precise question at issue here was not addressed by the Massachusetts court.

2001 WL 210173 at fn. 2.

Although not as analogous to this case, and not dealing with anonymous defendants, Webster

Industries, Inc. v. Northwood Doors, Inc., 234 F.Supp.2d 981 (N.D. Iowa 2002) provides another

example of a court refusing to entertain a motion to dismiss based on lack of personal jurisdiction

because it was premature.  There, a named defendant, China Hardwood Imports, attempted to make a

"special appearance" to contest service of process and jurisdiction based on attempted service and a

letter from plaintiff entitled "Notice of Intent to File Written Application for Default."  See id. at 987-988.  The court noted that there was not yet any attempt by the plaintiffs to actually invoke the court's personal jurisdiction over China Hardwood Imports, as the plaintiff had not yet filed any application for default, so the court did not even entertain the merits of that defendant's motion to dismiss for lack of personal jurisdiction.  See id at 988.

Similarly here, Plaintiff has not attempted to invoke the Court's personal jurisdiction over any particular Doe Defendant.  Plaintiff has not named any Defendant or sought any action by the Court over any particular Doe Defendant.  Rather, Plaintiff has only requested discovery from the third-party ISPs.

Overall, the moving Doe Defendants' authorities are completely inapplicable.  Every authority deals with a named defendant.  Therein, all of the motions to dismiss fail on the basic premise of timing.[5]  The Court should not dismiss any Doe Defendant until Plaintiff has actually named that person to the lawsuit.

Additionally, Plaintiff already has a deadline to name and serve all defendants in this case.  It would not prejudice any Doe Defendant to allow Plaintiff to complete its discovery within that time.  Further, it would not make practical sense to dismiss particular Doe Defendants on a piecemeal basis before that time.[6]

---

[5]  Not only would allowing the Doe Defendants to interject themselves by way of responsive pleadings or motions to dismiss impinge on Plaintiff's right and discretion to choose which Defendants to name, it would also impinge upon Plaintiff's ability to voluntarily dismiss the case before it actually names the Doe Defendants and serves them.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

[6]  Judge Collyer has ruled in a similar case pending in this Court that arguments related to personal jurisdiction and joinder are premature until Plaintiff actually names any Defendants.  [*West Bay One, Inc. v. Does 1-1,653*, CA. 1:10-cv-00481-RMC, Doc. No. 36 at p. 5, fn. 2 ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

11

While the moving Doe Defendants' declarations generally state that the do not reside in the jurisdiction or do regular business here, even if these statements are true, they do not conclusively establish that the Court lacks personal jurisdiction over them.[7]  The Court could still have jurisdiction over these Doe Defendants because they could have specifically directed their alleged infringing activities to the District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Doe Defendant based in the District of Columbia or because they committed the infringing activities while visiting the jurisdiction.

For example, one of the moving Doe Defendants could have downloaded or uploaded Plaintiff's movies from/to a non-moving, still unidentified Doe Defendant who does have personal jurisdiction in Washington, D.C.  If the discovery were to show that connection, Plaintiff would have a good faith argument to assert personal jurisdiction over that moving Doe Defendant based on that activity directed at this jurisdiction.  Therefore, because Plaintiff has not received all of the identifying information from all of the Does, it is premature to dismiss any Doe Defendant at this time simply because that Doe Defendant may reside outside of the jurisdiction.

Additionally, it is interesting to note that none of the Doe Defendants' declarations state anything about them visiting the jurisdiction.  While most state that they do not reside in the district or conduct regular business in the district, the declarations do not disclaim that they occasionally visit the jurisdiction.  Further, Plaintiff's allegations state a specific date and time

---

[7]  To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), when such motions are brought before discovery and decided without an evidentiary hearing, a plaintiff need only make a prima facie showing that personal jurisdiction exists.  PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir.1993).  A plaintiff may rely entirely on factual allegations, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir.1998) and will prevail even if defendants make contrary arguments, A.I Trade, 989 F.2d at 79.  In resolving such motions, the court will read the complaints and affidavits in a light most favorable to the plaintiff.  PDK Labs, 103 F.3d at 1108.

associated with each IP address for each Doe Defendant.  It is quite telling that none of the Doe Defendants' declarations make any mention of Doe Defendants' location on that date and time.  Obviously, if a Doe Defendant engaged in the infringing activity while visiting the jurisdiction, Plaintiff would have a good faith argument that the Court has jurisdiction over that Doe Defendant.

Lastly, the moving Doe Defendants argue that Plaintiff knows, or is able to determine, each Doe Defendant's geographic location without receiving the identifying information from the ISPs.  However, that is simply not true.

The exact same argument and technique was specifically rejected in <u>Sony v. Does 1-40</u>.[8]  There, the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'"  326 F. Supp. 2d at 567.  The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York.  This, however, does not resolve whether personal jurisdiction would be proper."  <u>Id.</u> at 567-568.

Similarly here, the moving Doe Defendants have not established that their techniques conclusively establish the location of any particular Doe Defendant.  In fact, a website frequently cited in these types of motions (http://whatismyipaddress.com/) provides the following disclaimer when a user clicks on "Additional IP Details": "This information should *not* be used for emergency purposes, trying to find someone's exact physical address, or other purposes that would require 100% accuracy." (emphasis added).  Additionally, that very same website has a page dedicated "How accurate is

---

[8]  It should be noted that the issues raised, arguments presented, and technique used for the motions mirrors what was filed in <u>Sony Music Entertainment Inc. v. Does 1-40</u>.

GeoLocation?" which states: "Determining the physical location down to a city or ZIP code, however, is more difficult and less accurate because there is no official source for the information, users sometimes share IP addresses and Internet service providers often base IP addresses in a city where the company is basing operations. [¶] Accuracy rates on deriving a city from an IP address fluctuate between 50 and 80 percent, according to DNS Stuff, a Massachusetts-based DNS and networking tools firm." See http://whatismyipaddress.com/geolocation-accuracy.[9]

Therefore, the arguments and techniques raised by the moving Doe Defendants that Plaintiff knows or could know the exact location of every Doe Defendant is simply not true. Overall, it is premature for the Court to make any decision related to personal jurisdiction until after Plaintiff obtains the information from the ISPs and names a particular Doe Defendant.

2.  Any argument that a Doe Defendant did not engage in the alleged infringement is inappropriate on a motion to quash.

Even if not expressly stated, the implication of the motions is that the moving Doe Defendants did not engage in the infringing activity.  However, this argument is misplaced and does not address the requirements for a motion to quash.  Again, the merits of the case, or Doe Defendant's defenses, are not at issue at this stage of the case.  The court only considers the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.

Here, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of

---

[9]  As just one example of the potential inaccuracy with the techniques argued by the moving Doe Defendants, when Plaintiff's counsel went on to the website (http://whatismyipaddress.com) from their Leesburg, Virginia office, it showed up as Warrenton, Virginia.

the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs.  In contrast, Doe Defendants have not shown any annoyance, embarrassment, oppression, or any undue burden or hardship they would incur if the information is divulged to Plaintiff.  Additionally, Doe Defendants cannot claim that the subpoena is unreasonable or oppressive, because they are not the ones responding to the subpoenas.  Lastly, Doe Defendants have not shown why quashing the subpoenas is necessary when other, more limited methods are available to address any concerns.

> 3.  <u>Doe Defendants' arguments related to joinder do not justify quashing the subpoena or dismissing a Doe Defendant and are generally inappropriate at this stage of the proceedings.</u>

The Doe Defendants argue that the joinder of the Defendants is improper in this case. However, joinder is proper at this time.

In two similar pending cases in front of Judge Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder…." [*West Bay One, Inc. v. Does 1-1,653*, CA. 1:10-cv-00481-RMC, Doc. No. 25; *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094*, CA No. 1:10-cv-00453-RMC, Doc. No. 34]  For the convenience of the Court and the parties, Plaintiff has attached the Statement of Good Cause filed in the *West Bay One, Inc. v. Does 1-1,653*, CA. 1:10-cv-00481-

RMC [Doc. No. 20] as Exhibit 1 hereto and hereby incorporates those arguments and authorities in opposition to the Doe Defendants' arguments related to joinder in this case.[10]

To summarize the argument in opposition to the joinder argument, any consideration of joinder is premature and inappropriate at this stage. See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 568 (stating that "discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, see Fed.R.Civ.P. 21, and not the quashing of the subpoena at issue here").

### D.  DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Doe Defendants only have standing to assert that the subpoena requests privileged or confidential information. However, such an argument has no basis in law or in fact for this case.[11]

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is

---

[10]  A nearly identical Statement of Good Cause was also filed in *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094*, CA No. 1:10-cv-00453-RMC [Doc. No. 39].

[11]  For those Doe Defendants who have identified themselves in their motions, the motion to quash aspect of their motions must be denied as moot for the information they voluntarily provided.

the alleged infringement of copyrights"); <u>Guest v. Leis</u>, 255 F.3d 325, 336 (6th Cir. 2001)

("computer users do not have a legitimate expectation of privacy in their subscriber information

because they have conveyed it to another person—the system operator"); <u>Sony Music Entm't,</u>

<u>Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); <u>Arista</u>

<u>Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480, 481 (E.D.N.C. 2008); <u>U.S. v. Hambrick</u>, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe

Defendant, and Plaintiff will only use that information in this lawsuit.  Therefore, the Doe

Defendants are protected from any improper disclosure or use of their information.


III. CONCLUSION

Overall, Doe Defendants have not demonstrated any reason to quash the subpoenas or

dismiss them at this stage of the proceedings.  As fully laid out in Plaintiff's Motion for Leave to

Take Discovery, which was granted by the court, courts have routinely allowed discovery to

identify "Doe" defendants in cases almost identical to this one.  <u>See, e.g.</u>, <u>Metro-Goldwyn-Mayer</u>

<u>Pictures Inc., et al. v. Does 1-10</u>, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); <u>Twentieth</u>

<u>Century Fox Film Corp., et al. v. Does 1-9</u>, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.);

<u>Lions Gate Films, Inc., et al. v. Does 1-5</u>, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); <u>UMG</u>

<u>Recordings, et al. v. Does 1-199</u>, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.);

<u>Caroline Records, Inc., et al. v. Does 1-175</u>, Case No. 04 2028 (D.D.C.) (Lamberth, R.); <u>see also</u>

<u>Warner Bros. Records, Inc. v. Does 1-6</u>, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

17

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Therefore, the court should deny these motions and any similar future motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully Submitted,

MAVERICK ENTERTAINMENT GROUP, INC.

**DATED**:  November 4, 2010

By:    /s/_____
       Thomas M. Dunlap (D.C. Bar # 471319)
       Nicholas A. Kurtz (D.C. Bar # 980091)
       DUNLAP, GRUBB & WEAVER, PLLC
       1200 G Street, NW Suite 800
       Washington, DC 20005
       Telephone: 202-316-8558
       Facsimile: 202-318-0242
       tdunlap@dglegal.com
       nkurtz@dglegal.com
       *Attorney for the Plaintiff*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH/MOTIONS TO DISMISS was sent via first-class mail as follows:

> Eric J. Menhart
> CyberLaw P.C.
> 1200 G St., NW, Suite 800
> Washington, DC 20005
> *Attorney for Doe Defendant*

> /s/ Nick Kurtz
> Nicholas A. Kurtz