# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC. | )<br>)<br>)<br>) |
| v. | )    CA. 1:10-cv-00569-RJL<br>) |
| DOES 1 – 4,350 | )<br>) |
|     Defendants. | )<br>) |

## EMERGENCY MOTION FOR ORDER STAYING STATE COURT PROCEEDINGS AND COMPELLING PRODUCTION PURSUANT TO SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff submits this motion for an order from this Court to stay pending proceedings in a Tennessee state court purporting to interfere with a subpoena issued out of this Court and for an order permitting production pursuant to the subpoena. Plaintiff requests immediate action from this Court, as the Tennessee state court is set to hold a hearing for a permanent injunction on November 19, 2010. Plaintiff brings this motion as soon as being made aware of the actions occurring in the Tennessee state court.

As the Court will recall, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion pictures over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol address ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs

1

from documents they keep in the regular course of business.

The Court has granted Plaintiff's motions to conduct expedited discovery and send subpoenas to the ISPs.  In response to a subpoena sent to one ISP, Charter Communications, two Doe Defendants filed actions in the Chauncery Court for Montgomery County in Clarksville, Tennessee for a temporary restraining order and permanent injunction to restrain Charter from complying with the subpoena.[1]  That court granted the TRO, and a hearing is scheduled for November 19, 2010.

However, despite the fact that these Doe Defendants and their attorney knew (and had the actual documents) that Charter had been sent a subpoena to disclose these Doe Defendants' identifying information and that the subpoena was issued pursuant to this Court's orders, these Doe Defendants and their attorney intentionally failed to inform the Tennessee court of this information and proceeded to allow the Tennessee court to issue the preliminary injunction on incomplete, false, and misleading information.  Therefore, immediate action is required from this Court to stay those proceedings and allow Plaintiff to proceed with its subpoena to Charter.

| Respectfully submitted, | MAVERICK ENTERTAINMENT GROUP, INC. |
|---|---|

**DATED**:  November 17, 2010

By:    /s/
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

---

[1] The cases are titled: *Robert Harrison v. Charter Communications, Inc.*, Docket No. MC CH CV-MG-10-9 and *Rebecca Lewis v. Charter Communications, Inc.*, Docket No. MC CH CV-MG-10-10.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

      This case involves the alleged copyright infringement of Plaintiff's motion pictures through so-called "peer-to-peer" ("P2P") file "swapping" networks.  Plaintiff submits this motion for an order from this Court to stay pending proceedings in a Tennessee state court purporting to interfere with subpoenas issued out of this Court and for an order permitting production pursuant to the subpoena.

      Such an order is necessary because the state court in Tennessee is interfering with this Court's jurisdiction and authority for acting on its subpoenas.  Therefore, immediate action is required from this Court to stay those proceedings and allow Plaintiff to proceed with its subpoena to Charter.

II. BRIEF OVERVIEW OF THE PROCEEDINGS

      Plaintiff's Complaint was filed on April 9, 2010 and named Does 1-1,000 as Defendants. [Doc. No. 1][2]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court via a minute order on April 19, 2010 and via a written order on May 24, 2010.  [*See* Doc. Nos. 4-6 and 7][3]  Thereafter, Plaintiff served numerous subpoenas on the non-party ISPs, requesting various production dates.  A true and correct copy of the subpoena at issue, sent to Charter Communications, Inc., is attached as

---

[2]  On August 10, 2010, Plaintiff filed its First Amended Complaint in this case. [Doc. No. 9] Plaintiff's First Amended Complaint names Does 1-4,350 as Defendants and specifically identifies all of the IP addresses for which Plaintiff is seeking discovery.  [*See* Doc. No. 9-1]

[3]  On October 19, 2010, Plaintiff filed a motion for an order approving discovery on the First Amended Complaint. [Doc. No. 10]  On October 25, 2010, the Court granted Plaintiff's motion approving Plaintiff's discovery on the First Amended Complaint.  [Doc. No. 11]

3

Exhibit 1 hereto.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Various Doe Defendants have filed motions to quash the subpoenas and/or dismiss that are still pending in this Court. Two other Doe Defendants however, through their counsel David Douglas Winters, Esq., initiated separate actions in the state court in Tennessee.

The cases are pending in the Chauncery Court for Montgomery County in Clarksville, Tennessee and are titled: *Robert Harrison v. Charter Communications, Inc.*, Docket No. MC CH CV-MG-10-9 and *Rebecca Lewis v. Charter Communications, Inc.*, Docket No. MC CH CV-MG-10-10. True and correct copies of the filings in the Tennessee court are attached as Exhibit 2 hereto. Because these separate actions interfere with the jurisdiction of this Court to enforce its own subpoenas, Plaintiff requests that the Court issue an order staying the Tennessee state court actions and for an order permitting production pursuant to the subpoena.

III. ARGUMENT

    A. LEGAL STANDARD TO STAY STATE COURT PROCEEDINGS

"A court of the United States may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added).[4]

"Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings." Donovan v. City of

---

[4] Under the All Writs Act, "(a) [t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." 28 U.S.C. § 1651.

Dallas, 377 U.S. 408, 412, 84 S. Ct. 1579, 1582 (1964).  There, the U.S. Supreme Court stated "that state courts are completely without power to restrain federal-court proceedings."  377 U.S. at 413, 84 S.Ct. at 1582; see also Montgomery County Bd. of Ed. v. Shelton, 327 F.Supp. 811 (N.D. Miss. 1971) (holding that temporary injunction issued by chancery court tended to impede federal district court, which had already issued preliminary injunction on the same issues, from fashioning appropriate relief and that federal court could, in aid of its jurisdiction, enjoin enforcement of state injunction); Kaempfer v. Brown, 684 F. Supp. 319 (D.D.C. 1988) (holding it appropriate for district court to enjoin defendants from conducting any litigation in state court related to identical claims).

> B.  ONLY THIS COURT HAS JURISDICTION OVER THE SUBPOENA AT ISSUE.

The District of Columbia district court is the only court that has jurisdiction to quash or enforce the subpoena at issue.  In In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998) that court noted the various provisions of Rule 45 that specifically refer to "the issuing court" – Fed. R. Civ. P. 45(c)(3)(A) (to quash or modify a subpoena), Fed. R. Civ. P. 45(c)(2)(B) (enforcement of a subpoena following objections), and Fed. R. Civ. P. 45(e) (contempt for failure to obey a subpoena).  "All of this language suggests that only the issuing court has the power to act on its subpoenas.  Subpoenas are process of the issuing court, and nothing in the Rules even hints that any other court may be given the power to quash or enforce them."  In re Sealed Case, 141 F.3d at 341 (internal citations omitted).

Here, the subpoena is "issued" out of the District of Columbia district court for this case pending in this Court.  Ex. 1.  As the issuing court, only this Court has jurisdiction to act upon the subpoena.  Therefore, any action by any other court related to the subpoena interferes with

this Court's jurisdiction.

The proceedings in Tennessee state court interfere with this Court's subpoena in that Charter has been ordered to not disclose the information sought in the subpoena, basically ordering Charter to not comply with the subpoena. See Ex. 2. Such an order attempts to override the subpoena power of this Court and the Court's previous orders authorizing Plaintiff to conduct this very discovery. Therefore, this Court must enjoin the Tennessee state court from any further action and allow Charter to properly comply with the subpoena.

C. THE ARGUMENTS ADVANCED BY THESE DOE DEFENDANTS DOE NOT JUSTIFY QUASHING THE SUBPOENA OR ENJOINING CHARTER FROM DISCLOSING THE INFORMATION.

In determining whether to enter a permanent injunction, the Court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction. See National Ass'n of Psychiatric Health Systems v. Shalala, 120 F.Supp.2d 33, 44 (D.D.C. 2000); see also Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."); National Mining Ass'n v. U.S. Army Corps of Engineers, 145 F.3d 1399, 1408-09 (D.C. Cir. 1998) (stating that demonstration of actual success on the merits required for

permanent injunctive relief).[5] Further, to justify an injunction, the moving party must have no adequate remedy at law. See Northern California Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306 105 S.Ct. 459, 459 (1984) ("A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law.").

Here, despite the accusations in their filings, these Doe Defendants/Complainants have not, and cannot, show the adequate legal elements to justify an injunction. First, Plaintiff has already shown good cause to obtain discovery and has made a *prima facie* showing that these Doe Defendants did infringe Plaintiff's copyrights success on the merits. Second, these Doe Defendants will not suffer any legally recognized harm if their information is divulged to Plaintiff by Charter. Third, on the other hand, Plaintiff would be severely prejudiced in maintaining its claims in this case, as Plaintiff needs the information from Charter to properly identify these Doe Defendants. Lastly, the public interest actually favors granting Plaintiff the discovery and not for an injunction.

> 1. Plaintiff has already shown good cause to obtain discovery and has made a *prima facie* showing that these Doe Defendants did infringe Plaintiff's copyrights.

The court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient

---

[5] To obtain injunctive relief through either a temporary restraining order or a preliminary injunction, a moving party must show: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006); Hall v. Johnson, 599 F.Supp.2d 1, 6 n. 2 (D.D.C. 2009) ("[t]he same standard applies to both temporary restraining orders and to preliminary injunctions").

specificity and showing that Plaintiff's suit can withstand a motion to dismiss. [See Doc. Nos. 7 and 11 (Court's orders authorizing discovery)] As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley, Limited. [See also Doc. No. 10 (Plaintiff's First Amended Complaint listing the IP addresses)]

This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache. However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movies on a specific date and time. Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. See Achache Declaration [Doc. No. 6] ¶ 4. Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movies for unlawful transfer or distribution. See id. at ¶ 8. In fact, Guardaley actually downloaded Plaintiff's movies from the IP address assigned to these Defendants, just as it does with all Doe

Defendants. See id. at ¶ 9. Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's movies by watching both and comparing them. Id. at ¶¶ 16-17.

In contrast, the burden on these Doe Defendants is slight, if there is any at all. These Doe Defendants has not shown any annoyance, embarrassment, oppression, or any undue burden or hardship they would incur if the information is divulged to Plaintiff. Additionally, these Doe Defendants cannot claim that the subpoena is unreasonable or oppressive, because they are not the ones responding to the subpoena. Lastly, these Doe Defendants have not shown why an injunction or quashing the subpoena is necessary when other, more limited methods, are available to address any concerns.

2. The constitutional arguments are without merit.

These Doe Defendants assert that Charter's compliance with the subpoena would violate their constitutional rights to privacy. However, this argument is without merit.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't,

Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000); U.S. v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of music over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a *prima facie* showing of copyright infringement. "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." Sony Music Entm't, Inc. v. Does 1-40, *supra*, 326 F. Supp. 2d at 567.

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here. See First Amended Complaint, ¶¶ 9-12; Sony Music Entm't, Inc. v. Does 1-40, *supra*, 326 F. Supp. 2d at 565 (stating that plaintiffs made concrete showing of a prima facie claim of copyright infringement by alleging valid ownership of copyrights and "that each defendant, without plaintiffs' consent, 'used, and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others' certain of the copyrighted recordings").

Further, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of

the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs. Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit. Therefore, these Doe Defendants are protected from any improper disclosure or use of his information.

### 3. These Doe Defendants cannot show success on the merits.

In this instance, success on the merits equates to these Doe Defendants' ability to quash the subpoena to Charter. However, as shown herein, these Doe Defendants have no legal basis to quash the subpoena.

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

Here, as shown by the Plaintiff, these Doe Defendants do not have good cause to quash the subpoena to Charter. Plaintiff has demonstrated good cause for the discovery, and these Doe Defendants do not have any legally recognized privacy interests in their identifying information they have disclosed to their ISP. Therefore, justice requires that Charter comply with the subpoena and allow Plaintiff to conduct the discovery necessary to maintain its claims.

D.  DOE DEFENDANTS HAVE INTENTIONALLY DECEIVED THE TENNESSEE COURT AND HAVE INTENTIONALLY USURPED THIS COURT'S JURISDICTION.

First, these Doe Defendants have intentionally deceived the Tennessee court by not advising the court that the Charter has been issued a subpoena, pursuant to this Court's orders, for the Doe Defendants' identifying information.  These Doe Defendants state that "Charter Communications has, over a period of days, repeatedly in written communications, and in telephone conference, with only conclusory contentions and no supporting legal argument, asserted specific intent to disclose and compromise complainant's private information, against complainant's communicated desires and best interest."  Ex. 2 at p. 4 (¶ 4), p. 13 (¶ 4).

Nowhere do these Doe Defendants advise the Tennessee court that Charter seeks to disclose the information pursuant to a Fed. R. Civ. P. Rule 45 subpoena that was issued by this Court, in connection with this case, and in conjunction with this Court's orders specifically authorizing the subpoena.  This failure to inform the Tennessee court is intentional and blatant, as these Doe Defendants and their attorney have a copy of the subpoena and this Court's order authorizing the subpoena.  Attached as Ex. 3 hereto is a true and correct copy of the template for the notice Charter sent to its customers in relation to this subpoena.[6]  Along with the notice, Charter sends its customers a copy of the subpoena and the Court's orders (Ex. 1).

Therefore, these Doe Defendants and their attorney knew that Charter had been sent a subpoena to disclose these Doe Defendants' identifying information and that the subpoena was issued pursuant to this Court's orders.  However, these Doe Defendants and their attorney intentionally failed to inform the Tennessee court of this information and proceeded to allow the

---

[6] These notice letters were sent in early October even though the date says November 17, 2010; the date automatically defaults to the current date.

Tennessee court to issue the preliminary injunction on incomplete, false, and misleading information.[7]

Lastly, these Doe Defendants have deceived the courts by failing to acknowledge that they have an adequate remedy at law.  Here, these Doe Defendants' proper remedy at law was to file a motion to quash in this Court.  Any other proceeding related to the subpoena interferes with this Court's jurisdiction.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court enjoin the Tennessee state court from any further action and allow Charter to properly comply with the subpoena.

                                                         Respectfully Submitted,

                                                         MAVERICK ENTERTAINMENT GROUP, INC.

**DATED**:  November 17, 2010

                                By:    /s/
                                           Thomas M. Dunlap (D.C. Bar # 471319)
                                           Nicholas A. Kurtz (D.C. Bar # 980091)
                                           DUNLAP, GRUBB & WEAVER, PLLC
                                           1200 G Street, NW Suite 800
                                           Washington, DC 20005
                                           Telephone: 202-316-8558
                                           Facsimile: 202-318-0242
                                           tdunlap@dglegal.com
                                           nkurtz@dglegal.com
                                           *Attorney for the Plaintiff*

---

[7] Plaintiff's counsel believes that the attorney for these Doe Defendants has had conversations with Charter Communications wherein Charter informed Doe Defendants' attorney of Plaintiff's position and that Plaintiff would file this motion should Doe Defendants insist upon maintaining their cases in Tennessee.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2010, a true and correct copy of the foregoing EMERGENCY MOTION FOR ORDER STAYING STATE COURT PROCEEDINGS AND COMPELLING PRODUCTION PURSUANT TO SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES was sent via the methods described below as follows:

David Douglas Winters
2277-C, Suite 237, Wilma Rudolph Blvd.
Clarksville, TN 37040
*Attorney for Complainants in Tennessee Actions*
Via Federal Express
Copy via facsimile: 931-906-0131
Copy via email: winterspatentlaw@bellsouth.net

Charter Communications, Inc.
c/o Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203
*Defendant in Tennessee Actions*
Via Federal Express
Copy via email: Kelly.Starkweather@chartercom.com


/s/ _____
Nicholas A. Kurtz