IN THE CHAUNCERY COURT FOR MONTGOMERY COUNTY
CLARKSVILLE, TENNESSEE

ROBERT HARRISON ~~████████████~~ -v-  )
)
) FILED Nov. 5 2010
) TED A. CROZIER, JR., CLERK & MASTER
) BY ~~J. Travis~~ DEPUTY CLERK
) A.M. ___ 3:58 P.M.
Complainant )
)
vs. ) Docket No.: MC CH CV-MG-10-9
)
CHARTER COMMUNICATIONS, INC. )
) A TRUE COPY ATTEST
Defendant ) FILED 11-5 2010
) TED A. CROZIER, JR., C & M

## TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION

Based upon the motion/application by the complainant for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction considered by this Honorable Court on the 5th day of November, 2010, the Court, finding cause, issues the following order:

A. The Defendant, Charter Communications, Inc., is hereby restrained from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present, or future IP address.

B. Defendant is further ordered to cease and desist from any other action or omission that would violate or subvert the terms of this order.

D. The terms of this Order shall remain in full force and effect pending further orders of this court.

E. A hearing on the motion (Temporary RO) is scheduled Nov. 19, 2010 9:00AM before Chancellor McMillan.

SO ORDERED: _____ 11/5/10
                                    @ 2:45 pm
_____
Hon. H. Hick, Circuit Judge for
Honorable Chancellor Laurence M. McMillan, Jr.

ROBERT HARRISON ~~████████████~~, Complainant    /s/
vs.
CHARTER COMMUNICATIONS, INC. Defendant
TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION
Page 1 of 2

APPROVED FOR ENTRY BY:

/s/ David Douglas Winters

DAVID DOUGLAS WINTERS B.P.R. # 22347
Attorney for Complainant
2277-C, Suite 237, Wilma Rudolph Blvd.
Clarksville, Tennessee 37040
Tel: 931-906-4445
Fax: 931-906-0131
e-mail: winterspatentlaw@bellsouth.net

### Certificate of Service

I, David Douglas Winters, do hereby certify on the 5th day of November, 2010, that the foregoing was served by <u>United States Postal Service Express Mail. Signature Required. Postage Pre-Paid</u> to:

Charter Communications Registered Agent
Corporation Service Company
2908 Poston Ave, Nashville, TN 37203.

David Douglas Winters

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Subscribed and sworn to before me, this 5 day of November, 2010.
Seal

NOTARY PUBLIC
My Commission Expires:

Commission Expires
March 11, 2014

[Notary seal: ROLANDO OTTEY, STATE OF TENNESSEE NOTARY PUBLIC, MONTGOMERY COUNTY]

DOCKET # MC CH CV-MG-10-9

ROBERT HARRISON
_____, Complainant
vs.
CHARTER COMMUNICATIONS, INC. Defendant
TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION
Page 2 of 2

IN THE CHAUNCERY COURT FOR MONTGOMERY COUNTY
CLARKSVILLE, TENNESSEE

ROBERT HARRISON
Complainant

vs.

CHARTER COMMUNICATIONS, INC.

Defendant

A TRUE COPY ATTEST
FILED 11-5 2010
TED A. CROZIER, JR., C & M

Docket No.: MC CH CV-MG-10-9

FILED Nov. 5 2010
TED A. CROZIER, JR, CLERK & MASTER
BY _____
DEPUTY CLERK
___ A.M. 3:58 P.M.

### VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

COMES NOW, attorney for Complainant Robert Harrison, 2978 Mer Dr, Clarksville, TN 37043 and files Verified Emergency Petition for Temporary Restraining Order and Permanent Injunction against the Defendant.

### PARTIES TO THE ACTION

1. Complainant Robert Harrison at all times relevant has resided in the State of Tennessee at specific address undisclosed due to the fact that protection of the legal name and address of the complainant comprise essential elements of the private information to be protected under this requested order.

2. Defendant, CHARTER COMMUNICATIONS, INC. is a cable communications provider, providing services in the state of Tennessee, and can be properly served with process through their Registered Agent: Corporation Service Company 2908 Poston Ave, Nashville, TN 37203.

## FACTUAL OVERVIEW

3. Complainant is a customer and subscriber of Charter Communications, Inc.

4. **Defendant threatens to irreparably harm complainant's interests**: Charter Communications has, over a period of days, repeatedly in written communications, and in telephone conference, with only conclusory contentions and no supporting legal argument, asserted specific intent to disclose and compromise complainant's private information, against complainant's communicated desires and best interests. This would cause irreparable harm to Complainant's **Fourth Amendment rights, and First Amendment rights**, place Complainant at an irreparably **unfair disadvantage**, and impose **unfair financial burdens** upon Complainant.

5. **Irreparable Harm to Fourth Amendment Right to Privacy**: Defendant's threatened action will irreparably harm exercise of Complainant's right to privacy. The Fourth Amendment guarantees a reasonable expectation of privacy. This is a long established right defined under the landmark, *Griswald v. Connecticut*. The complainant's privacy interests concerned are threatened with irreparable harm. This harm is irreparable due to the unique characters of privacy and of private information. Once compromised, they cannot be recovered, nor limited in dispersion, nor contained over time. The ultimate diffusion of compromised private information and the damage resulting there-from cannot be effectively tracked, localized, nor isolated. Under such circumstances of ongoing and effectively endless injury, money damages cannot make an injured victim whole.

**6. Irreparable Harm to First Amendment Right of Free Communication:** Defendant's threatened action will irreparably harm exercise of Complainant's right to free communication. Communication in Anonymity is a protected First Amendment right held fundamental to free society. [See, e.g. *Talley v California, 362 U.S. 60 (1960)* (recognizing the First Amendment right to communicate anonymously); Also see *McIntyre v Ohio Elections Commission, 514 U.S. 334 357 (1995).*] This fundamental right enjoys the same protections, whether in the context of speech and association, or anonymous political leaflets, or internet message boards, or video-sharing sites. [See *Reno v ACLU, 521 U.S. 844, 870 (1979)* (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied to" the internet).]

**7. Irreparable Harm from Unfair Disadvantage:** Defendant's threatened action would cause irreparable harm by putting Complainant at an unfair disadvantage, wherein Complainant will first lose constitutionally protected privacy and anonymity, and then be forced to pursue litigation in a foreign jurisdiction, or to default. This harm would necessarily result whether or not Complainant committed an unlawful act.

**8. Irreparable Harm from Unfair and Unnecessary Financial Burden:** Defendant's threatened action will cause irreparable harm by causing or permitting unfair and unnecessary financial burdens. Should Charter Communications, as threatened, improperly compromise Complainant's private information, redress could be accomplished only by initiating multiple expensive suits in response. The costs of such suits are beyond normal financial means, and beyond means of the complainant. In the face of this, Complainant would be unjustly forced to forego redress. Further, as described above, Complainant would be unfairly forced to submit to the jurisdiction of a

distant and foreign court and assume the associated expenses, or accept adverse judgment by default. The presently mounting expenditures required for the complainant to oppose this un-necessary and improper disclosure by the Defendant already impose an unfair and excessive financial burden. To further impose the expenses of unnecessary litigation in a foreign court would aggravate this injury to a degree shocking to any sense of fairness.

9. **No Impact on the defendant**: The requested restraining order and/or injunction would have no impact on the Defendant. Accordingly, the threatened injury to the complainant outweighs whatever damage the proposed order and injunction may cause the defendant.

10. **Not adverse to Public Interest**: The issuance of a restraining order and injunction will not be adverse to the public interest. It would serve, first and foremost, to preserve the status quo until full and proper process can be observed. Indeed, it favors public interest by preventing unfettered abuse of the small, private Complainant, by a large corporate entity.

12. **Likelihood of Prevailing on the Merits**: There is substantial likelihood that the complainant will prevail on the merits of the underlying claims. The Defendant has, during previous negotiations thus far, shown no sufficient cause for executing the damaging actions with which it threatens the Complainant. Therefore, it is overwhelmingly probable that Defendant cannot, or will not, produce cause before this court.

13. **Time available is short.** Complainant regrets the emergency nature of this petition but points out that the time constraints under which it is presented are entirely due to the deadline of **November 11th, 2010**, set by the Defendant.

███████████████████████, Complainant

ROBERT HARRISON vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Page 4 of 6

14. WHEREFORE PREMISES CONSIDERED, Complainant prays that this honorable Court do the following:

A. Issue a temporary order of this court restraining the defendant from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present or future IP address.

B. Issue a permanent order of this court restraining the defendant from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present or future IP address.

C. Grant Complainant all reasonable attorney's fees, and expenses, court costs, court related fees, and other related expenses as may arise.

D. Grant Complainant any and all other and/or further relief allowed by law and/or which this Court deems just and proper.

E. Order that this complaint/application be filed under seal, and also the associated order.

Respectfully submitted,

*[signature]*

DAVID DOUGLAS WINTERS B.P.R. # 22347
Attorney for Complainant
2277-C, Suite 237, Wilma Rudolph Blvd.
Clarksville, TN 37040
Phone: 931-906-4445
Fax: 931-906-0131
e-mail: winterspatentlaw@bellsouth.net

## VERIFICATION

I, Attorney for the Complainant, here make oath that the statements in the foregoing document are true, according to the best of my knowledge, information and belief, and that the document made therein is not made out of levity or by collusion with the defendant, but in sincerity and truth. Complainant is in danger of immediate and irreparable injury, and loss. Therefore, since this is an Emergency Petition further notice should not be required.

_____
DAVID DOUGLAS WINTERS

*****************************************

Subscribed and sworn to before me, this 5 day of Nov, 2010.
Seal
_____
NOTARY PUBLIC
My Commission Expires

[Seal: TERESA N. BIGGS, STATE OF TENNESSEE NOTARY PUBLIC, MONTGOMERY COUNTY]

*****************************************

## Certificate of Service

I, David Douglas Winters, do hereby certify on the 5TH day of November, 2010, that the foregoing was served by United States Postal Service Express Mail, Signature Required, Postage Pre-Paid to:

Charter Communications Registered Agent
Corporation Service Company
2908 Poston Ave, Nashville, TN 37203.

_____
DAVID DOUGLAS WINTERS

DOCKET # MC CH CV-MG-10-9

ROBERT HARRISON _____ Complainant
vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION
Page 6 of 6



US POSTAGE AND FEES PAID

Nov 05 2010
Mailed from ZIP 37040
Express Mail
Flat Rate Envelope

Commercial Base Pricing   071S00738401

## USPS EXPRESS MAIL

DAVID DOUGLAS WINTERS  ESQ           (931) 906-4445
THE UPS STORE
2277  WILMA RUDOLPH BLVD
STE C
Clarksville TN 37040-5898

SHIP   CHARTER COMM. REGISTERED AGENT
TO:    CORPORATION SERVICE COMPANY
       2908 POSTON AVE
       NASHVILLE TN 37203-1312

### USPS EXPRESS MAIL

EO 805 948 938 US

**POSTAL USE ONLY**

| Date In: Mo. | Day | Year | Time In: | ☐ AM ☐ PM |

Day of Delivery: ☐ Next  ☐ Second    ☐ 12 Noon  ☐ 3 PM

☐ Return Receipt    ☐ COD    ☐ Additional Insurance


 Recycled Paper

**UNITED STATES POSTAL SERVICE** — **EXPRESS MAIL**

Place Mailing Label Here:

Flat Rate Mailing Envelope
For Domestic and International Use
Visit us at usps.com

When used internationally affix customs declarations (PS Form 2976, or 2976-A).

Visit us at usps.com      We Deliver!






Please recycle.

USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps

PLEASE PRESS FIRMLY

Please Rush To Addressee home or office at usps.com/pickup
Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

ENVELOPE POSTAGE REQUIRED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail®. Misuse may be a violation of federal law.  This packaging is not for resale. EP13F © U.S. Postal Service; May 2008; All rights reserved.

IN THE CHAUNCERY COURT FOR MONTGOMERY COUNTY
CLARKSVILLE, TENNESSEE

FILED _____ Nov-5_____ 20 10
TED A. CROZIER, JR., CLERK & MASTER
BY _____
DEPUTY CLERK
_____ A.M. 4:00 P.M.

REBECCA LEWIS )
Complainant )
)
vs. ) Docket No. MC CH CV- MG-10-10
)
CHARTER COMMUNICATIONS, INC. )
) A TRUE COPY ATTEST
Defendant ) FILED 11-5 20 10
TED A. CROZIER, JR., C & M

## TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION

Based upon the motion/application by the complainant for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction considered by this Honorable Court on the 5th day of November, 2010, the Court, finding cause, issues the following order:

A. The Defendant, Charter Communications, Inc., is hereby restrained from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present, or future IP address.

B. Defendant is further ordered to cease and desist from any other action or omission that would violate or subvert the terms of this order.

D. The terms of this Order shall remain in full force and effect pending further orders of this court.

E. This Order and the associated Complaint/Application are ordered to be filed under seal.

SO ORDERED:

_____
Honorable Chancellor Laurence M. McMillan, Jr.

E. A hearing on this matter (temporary RO) is scheduled Nov. 19 2010 9:00 A before Chancellor McMillan

11/5/10
@ 3:45 pm

APPROVED FOR ENTRY BY:

_____
DAVID DOUGLAS WINTERS B.P.R. # 22347
Attorney for Complainant
2277-C, Suite 237, Wilma Rudolph Blvd.
Clarksville, Tennessee 37040
Tel: 931-906-4445
Fax: 931-906-0131
e-mail: winterspatentlaw@bellsouth.net

## Certificate of Service

I, David Douglas Winters, do hereby certify on the 5th day of November, 2010, that the foregoing was served by <u>United States Postal Service Express Mail, Signature Required, Postage Pre-Paid</u> to:

Charter Communications Registered Agent
Corporation Service Company
2908 Poston Ave, Nashville, TN 37203.

_____
David Douglas Winters

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Subscribed and sworn to before me, this 5th day of November, 2010.
Seal _____

NOTARY PUBLIC
My Commission Expires:

Commission Expires
March 11, 2014

ROLANDO OTTEY
STATE OF TENNESSEE
NOTARY PUBLIC
MONTGOMERY COUNTY

DOCKET # MC CH CV-MG-10-70

REBECCA LEWIS _____, Complainant
vs.
CHARTER COMMUNICATIONS, INC. Defendant
TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION
Page 2 of 2

IN THE CHAUNCERY COURT FOR MONTGOMERY COUNTY
CLARKSVILLE, TENNESSEE

FILED Nov. 5 20 10
TED A. CROZIER, JR., CLERK & MASTER
BY _____ deputy clerk
_____ A.M. 4:00 P.M.

REBECCA LEWIS ~~~~~
Complainant

vs.

Docket No.: MC CH CV-MG-10-10

CHARTER COMMUNICATIONS, INC.

Defendant

A TRUE COPY ATTEST
FILED 11-5 20 10
TED A. CROZIER, JR., C & M

## VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

COMES NOW, attorney for Complainant Rebecca Lewis, 395 Paris Dr, Clarksville TN 37042, and files Verified Emergency Petition for Temporary Restraining Order and Permanent Injunction against the Defendant.

## PARTIES TO THE ACTION

1. Complainant Rebecca Lewis at all times relevant has resided in the State of Tennessee at specific address undisclosed due to the fact that protection of the legal name and address of the complainant comprise essential elements of the private information to be protected under this requested order.

2. Defendant, CHARTER COMMUNICATIONS, INC. is a cable communications provider, providing services in the state of Tennessee, and can be properly served with process through their Registered Agent: Corporation Service Company 2908 Poston Ave, Nashville, TN 37203.

Rebecca Lewis, Complainant

vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION
Page 1 of 6

# FACTUAL OVERVIEW

3. Complainant is a customer and subscriber of Charter Communications, Inc.

4. **Defendant threatens to irreparably harm complainant's interests**: Charter Communications has, over a period of days, repeatedly in written communications, and in telephone conference, with only conclusory contentions and no supporting legal argument, asserted specific intent to disclose and compromise complainant's private information, against complainant's communicated desires and best interests. This would cause irreparable harm to Complainant's **Fourth Amendment rights,** and **First Amendment rights**, place Complainant at an irreparably **unfair disadvantage**, and impose **unfair financial burdens** upon Complainant.

5. **Irreparable Harm to Fourth Amendment Right to Privacy:** Defendant's threatened action will irreparably harm exercise of Complainant's right to privacy. The Fourth Amendment guarantees a reasonable expectation of privacy. This is a long established right defined under the landmark, *Griswald v. Connecticut.* The complainant's privacy interests concerned are threatened with irreparable harm. This harm is irreparable due to the unique characters of privacy and of private information. Once compromised, they cannot be recovered, nor limited in dispersion, nor contained over time. The ultimate diffusion of compromised private information and the damage resulting there-from cannot be effectively tracked, localized, nor isolated. Under such circumstances of ongoing and effectively endless injury, money damages cannot make an injured victim whole.

*Rebecca Lewis*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬, Complainant

vs.

CHARTER COMMUNICATIONS, INC. Defendant

VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Page 2 of 6

6. **Irreparable Harm to First Amendment Right of Free Communication:** Defendant's threatened action will irreparably harm exercise of Complainant's right to free communication. Communication in Anonymity is a protected First Amendment right held fundamental to free society. [See, e.g. *Talley v California, 362 U.S. 60 (1960)* (recognizing the First Amendment right to communicate anonymously); Also see *McIntyre v Ohio Elections Commission, 514 U.S. 334 357 (1995)*.] This fundamental right enjoys the same protections, whether in the context of speech and association, or anonymous political leaflets, or internet message boards, or video-sharing sites. [See *Reno v ACLU, 521 U.S. 844, 870 (1979)* (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied to" the internet).]

7. **Irreparable Harm from Unfair Disadvantage:** Defendant's threatened action would cause irreparable harm by putting Complainant at an unfair disadvantage, wherein Complainant will first lose constitutionally protected privacy and anonymity, and then be forced to pursue litigation in a foreign jurisdiction, or to default. This harm would necessarily result whether or not Complainant committed an unlawful act.

8. **Irreparable Harm from Unfair and Unnecessary Financial Burden:** Defendant's threatened action will cause irreparable harm by causing or permitting unfair and unnecessary financial burdens. Should Charter Communications, as threatened, improperly compromise Complainant's private information, redress could be accomplished only by initiating multiple expensive suits in response. The costs of such suits are beyond normal financial means, and beyond means of the complainant. In the face of this, Complainant would be unjustly forced to forego redress. Further, as described above, Complainant would be unfairly forced to submit to the jurisdiction of a

distant and foreign court and assume the associated expenses, or accept adverse judgment by default. The presently mounting expenditures required for the complainant to oppose this un-necessary and improper disclosure by the Defendant already impose an unfair and excessive financial burden. To further impose the expenses of unnecessary litigation in a foreign court would aggravate this injury to a degree shocking to any sense of fairness.

9. **No Impact on the defendant**: The requested restraining order and/or injunction would have no impact on the Defendant. Accordingly, the threatened injury to the complainant outweighs whatever damage the proposed order and injunction may cause the defendant.

10. **Not adverse to Public Interest:** The issuance of a restraining order and injunction will not be adverse to the public interest. It would serve, first and foremost, to preserve the status quo until full and proper process can be observed. Indeed, it favors public interest by preventing unfettered abuse of the small, private Complainant, by a large corporate entity.

12. **Likelihood of Prevailing on the Merits:** There is substantial likelihood that the complainant will prevail on the merits of the underlying claims. The Defendant has, during previous negotiations thus far, shown no sufficient cause for executing the damaging actions with which it threatens the Complainant. Therefore, it is overwhelmingly probable that Defendant cannot, or will not, produce cause before this court.

13. **Time available is short.** Complainant regrets the emergency nature of this petition but points out that the time constraints under which it is presented are entirely due to the deadline of **November 11th, 2010**, set by the Defendant.

Rebecca Lewis
_____Complainant
vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

14. WHEREFORE PREMISES CONSIDERED, Complainant prays that this honorable Court do the following:

    A. Issue a temporary order of this court restraining the defendant from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present or future IP address.

    B. Issue a permanent order of this court restraining the defendant from disclosing or otherwise compromising complainant's private information, including, but not limited to, name, address, location, telephone number(s), internet activity, and any past, present or future IP address.

    C. Grant Complainant all reasonable attorney's fees, and expenses, court costs, court related fees, and other related expenses as may arise.

    D. Grant Complainant any and all other and/or further relief allowed by law and/or which this Court deems just and proper.

    E. *[handwritten]* Order that this Complaint/Application be filed under seal, and also the associated order.

Respectfully submitted,

*[signature]*

DAVID DOUGLAS WINTERS B.P.R. # 22347
Attorney for Complainant
2277-C, Suite 237, Wilma Rudolph Blvd.
Clarksville, TN 37040
Phone: 931-906-4445
Fax: 931-906-0131
e-mail: winterspatentlaw@bellsouth.net


Rebecca Lewis *[signature]*
_____ Complainant
vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

## VERIFICATION

I, Attorney for the Complainant, here make oath that the statements in the foregoing document are true, according to the best of my knowledge, information and belief, and that the document made therein is not made out of levity or by collusion with the defendant, but in sincerity and truth. Complainant is in danger of immediate and irreparable injury, and loss. Therefore, since this is an Emergency Petition further notice should not be required.

_____
DAVID DOUGLAS WINTERS

*******************************************

Subscribed and sworn to before me, this 5 day of Nov, 2010.
Seal

_____
NOTARY PUBLIC
My Commission Expires

*******************************************

### Certificate of Service

I, David Douglas Winters, do hereby certify on the 5th day of October, 2010, that the foregoing was served by United States Postal Service Express Mail, Signature Required, Postage Pre-Paid to:

Charter Communications Registered Agent
Corporation Service Company
2908 Poston Ave, Nashville, TN 37203.

_____
DAVID DOUGLAS WINTERS


DOCKET # MC CH CV-MG-10-10


REBECCA LEWIS
_____, Complainant DDW
vs.
CHARTER COMMUNICATIONS, INC. Defendant
VERIFIED EX PARTE EMERGENCY COMPLAINT/APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION
Page 6 of 6

MAY 2008

041608/EM13F

Visit us at usps.com    We Deliver!

**UNITED STATES POSTAL SERVICE**
**Express MAIL**

PLEASE PRESS FIRMLY

URGENT Please Rush to Addressee

home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

Place Mailing Label Here:

US POSTAGE AND FEES PAID
Nov 05 2010
Mailed from ZIP 37040
Express Mail
Flat Rate Envelope
Commercial Base Pricing
071S00738401

endicia.com

**E**

**USPS EXPRESS MAIL**

DAVID DOUGLAS WINTERS  ESQ    (931) 906-4445
THE UPS STORE
2277  WILMA RUDOLPH BLVD
STE C
Clarksville TN 37040-5898

SHIP   CHARTER COMM. REGISTERED AGENT
TO:   CORPORATION SERVICE COMPANY
      2908 POSTON AVE
      NASHVILLE TN 37203-1312

**USPS EXPRESS MAIL**

EO 805 948 938 US

**POSTAL USE ONLY**

Date In: Mo.    Day    Year    Time In:    ☐ AM   ☐ PM

Day of Delivery: ☐ Next   ☐ Second   ☐ 12 Noon   ☐ 3 PM

☐ Return Receipt    ☐ COD    ☐ Additional Insurance

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the U.S., shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

Flat Rate Mailing Envelope
For Domestic and International Use
Visit us at usps.com


Recycled Paper


Please recycle.

USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps
Cradle to Cradle Certified℠ is a certification mark of MBDC.


SAVE MORE $ BY SHIPPING ONLINE
visit usps.com

EMS
When used internationally affix customs declarations (PS Form 2976, or 2976A).

ENVELOPE POSTAGE REQUIRED


EP13F

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail®. Misuse may be a violation of federal law.   This packaging is not for resale. EP13F © U.S. Postal Service; May 2008; All rights reserved.