**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAVERICK ENTERTAINMENT** | ) | |
| **GROUP, INC.** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00569-RJL** |
| | ) | |
| **DOES 1 – 4,350** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NO. 20]**

## TABLE OF CONTENTS

I. INTRODUCTION ......................................................................................................1

II. ARGUMENT ..........................................................................................................2

    A. STANDARDS ON MOTIONS TO QUASH.................................................2

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY

    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

    INFRINGE PLAINTIFF'S COPYRIGHTS ......................................................................3

    C. DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE ...............4

    D. DOE DEFENDANTS' ARGUMENTS ARE MISPLACED .........................................6

    E. DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION

    REQUESTED IS PRIVILEGED OR CONFIDENTIAL ....................................................7

III. CONCLUSION.....................................................................................................8

TABLE OF AUTHORITIES

**Cases**

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ...........................8

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ............................7

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) ......................8

Flatow v. Islamic Republic of Iran, 196 F.R.D. 203 (D.D.C. 2000)................................6

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D. Pa.)..........................................3, 7

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .................................................................7

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed. Cir. 1986) .................3

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)...........................3

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008).........................7

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ................8

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .........8

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)...............3

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ...........7-8

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) ...........8

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ...................8

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) .................................................8

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979).....................................3

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007).....................8

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) .................2-3

**Statutes**

Fed. R. Civ. P., Rule 26 ............................................................................................................2, 5

Fed. R. Civ. P., Rule 45 ...............................................................................................................2

LCvR Rule 5 ................................................................................................................................5

LCvR Rule 7 .............................................................................................................................4-5

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff submits this opposition to numerous motions filed as purported motions to quash and requests that the Court deny the motions and all similar motions already filed and that will be filed in the future.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion pictures over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on April 9, 2010 and named Does 1-1,000 as Defendants. [Doc. No. 1][1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court via a minute order on April 19, 2010 and via a written order on May 24, 2010. [*See* Doc. Nos. 4-6 and 7][2] Thereafter, Plaintiff served numerous subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Various Doe

---

[1] On August 10, 2010, Plaintiff filed its First Amended Complaint in this case. [Doc. No. 9] Plaintiff's First Amended Complaint names Does 1-4,350 as Defendants and specifically identifies all of the IP addresses for which Plaintiff is seeking discovery. [*See* Doc. No. 9-1]

[2] On October 19, 2010, Plaintiff filed a motion for an order approving discovery on the First Amended Complaint. [Doc. No. 10] On October 25, 2010, the Court granted Plaintiff's motion approving Plaintiff's discovery on the First Amended Complaint. [Doc. No. 11]

Defendants have filed motions to quash the subpoenas.  [Doc. No. 20][3]  Because the motions do not provide good cause for quashing the subpoenas, Plaintiff requests that the motions be denied in their entirety.  Additionally, because the motions present nearly identical arguments as previously filed motions and motions presented in a number of similar cases pending in this Court, Plaintiff requests that any similar future motions be denied in their entirety without Plaintiff having to file a separate opposition.[4]

II. ARGUMENT

    A.  STANDARDS ON MOTIONS TO QUASH

    A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

    The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more

---

[3] Plaintiff's counsel did not receive any of these motions until they were posted on the Court's docket on December 9, 2010.  Accordingly, Plaintiff is filing this opposition as soon as reasonably possible after receiving the motions.

[4] On December 1, 2010, the Court issued an order requiring all Doe Defendants who have filed or who wish to file pleadings in this case to identify themselves by name and address.  [See Doc. No. 17]

limited protection.'"  Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766

(D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus.

Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290

F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395,

403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought,

the requesting party's need, and the potential hardship to the party subject to the subpoena."

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing

Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are

not at issue.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f

Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the

appropriate time, any and all defenses, and may seek discovery in support of its defenses").


B.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY
    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID
    INFRINGE PLAINTIFF'S COPYRIGHTS.

The court has already determined that Plaintiff has met its threshold burden to obtain

further information about the Doe Defendants by identifying the Doe Defendants with sufficient

specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set

out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See

Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date

and time of alleged infringement and ISP that provided Internet access to each Defendant and

assigned the unique IP address to the Defendant, from information provided to it by Guardaley,

Limited.  This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movies on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  See Achache Declaration [Doc. No. 6] ¶ 4.  Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movies for unlawful transfer or distribution.  See id. at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's movies from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's movies by watching both and comparing them.  Id. at ¶¶ 16-17.


C.  DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE.

First, these Doe Defendants' motions to quash are procedurally defective in that these Doe Defendants never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A

party shall include in its motion a statement that the required discussion occurred,
and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[5]

Here, these Doe Defendants' motions to quash did not include a statements that any meet

and confer discussions occurred because no such discussions have occurred.  Had these Doe

Defendants met and conferred with Plaintiff's counsel, Plaintiff's counsel could have directed

these Doe Defendants to the filings and authorities showing that the motions to quash are not

justified.

Second, every single motion is procedurally defective for insufficient service.  "Unless

these rules provide otherwise, each of the following papers must be served on every party: …

(D) a written motion, except one that may be heard ex parte."  Fed. R. Civ. P., Rule 5(a)(1).

Here, none of the motions were ever served on Plaintiff's counsel.  Rather, all of the

motions were filed with the Court in paper form.  Accordingly, Plaintiff's counsel did not

become aware of these motions until the Court posted them on the online docket.

Third, most of the motions do not properly identify the Doe Defendants pursuant to the

rules and this Court's order.  "The first filing by or on behalf of a party shall have in the caption

the name and full residence address of the party. ... If the party is appearing *pro se*, the caption

shall also include the party's telephone number."  LCvR 5.1(e)(1).  Further, this Court issued an

order requiring all Doe Defendants who have filed or who wish to file pleadings in this case to

identify themselves by name and address.  [See Doc. No. 17]

Here, only Doe Defendant Jose Barroso provides a name and address.  [Doc. No. 20 p. 2]

Doe Defendant Cindy Tate did provide a name, and her address can be found on the notice letter

---

[5] Further, a motion for a protective order under Rule 26(c) "must include a certification that the
movant has in good faith conferred or attempted to confer with other affected parties in an effort
to resolve the dispute without court action."

she attached to her motion, though this disclosure appears to have been inadvertent.  [See Doc.

No. 20 p. 4]  The other Doe Defendants completely failed to provide an address.  Therefore, the

Court should strike all of the motions for multiple failures to abide by the filing and service rules.


    D.  DOE DEFENDANTS' ARGUMENTS ARE MISPLACED.

    All of the arguments presented by these Doe Defendants can be summarized as claims of

innocence for the alleged infringement.  Doe Defendant Gundie Logan gives absolutely no

reason to quash the subpoena.  [Doc. No. 20 p. 1]  Doe Defendant Jose Barroso claims that he

never downloaded any of Plaintiff's copyrighted motion pictures and that he previously had an

unsecured internet connection.  [Doc. No. 20 p. 2]  Doe Defendant Cindy Tate claims she never

shared any of Plaintiff's copyrighted motion pictures via the interent.  [Doc. No. 20 pp. 3-10]

Doe Defendant Marty Ingebretsen generally claims he did not downloaded any of Plaintiff's

copyrighted motion pictures and that he previously had an unsecured internet connection.  [Doc.

No. 20 p. 11.  The two remaining, anonymous Doe Defendants also generally claim that they

never downloaded any of Plaintiff's copyrighted motion pictures.  [Doc. No. 20 pp. 12-14]

However, these statements amount to nothing more than each Doe Defendant's potential

defenses in this case.

    The merits of this case are not relevant to the issue of whether the subpoena is valid and

enforceable.  The court typically only examines the relevance, the need of the party for the

documents, the breadth of the document request, the time period covered by it, the particularity

with which the documents are described, and the burden imposed to determine whether there is

an "undue burden."  Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000),

*vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As

shown herein, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical.

Overall, even though these Doe Defendants may have defenses to this suit, such defenses are not at issue at this stage of the proceedings.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

### E.  DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

These Doe Defendants generally imply that the subpoena requests privileged or confidential information.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); <u>Arista</u>

<u>Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480, 481 (E.D.N.C. 2008); <u>U.S. v. Hambrick</u>, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe

Defendant, and Plaintiff will only use that information in this lawsuit.  Therefore, the Doe

Defendants are protected from any improper disclosure or use of their information.


III. CONCLUSION

Overall, these Doe Defendants have not demonstrated any reason to quash the subpoenas.

As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the

court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost

identical to this one.  <u>See, e.g.</u>, <u>Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10</u>, Case

No. 04-2005 (JR) (D.D.C.) (Robertson, J.); <u>Twentieth Century Fox Film Corp., et al. v. Does 1-</u>

<u>9</u>, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); <u>Lions Gate Films, Inc., et al. v. Does 1-5</u>,

Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); <u>UMG Recordings, et al. v. Does 1-199</u>, Case

No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); <u>Caroline Records, Inc., et al. v. Does 1-175</u>,

Case No. 04 2028 (D.D.C.) (Lamberth, R.); <u>see also</u> <u>Warner Bros. Records, Inc. v. Does 1-6</u>, 527

F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants

from the non-party ISPs, especially when considering that these ISPs typically retain user

activity logs containing the information sought for only a limited period of time before erasing

the data.  Therefore, the court should deny these motions and any similar future motions and at

least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the

copyright infringement and irreparable harm in this case.

Respectfully Submitted,

MAVERICK ENTERTAINMENT GROUP, INC.

**DATED**:  December 13, 2010

By:   /s/ _____
      Thomas M. Dunlap (D.C. Bar # 471319)
      Nicholas A. Kurtz (D.C. Bar # 980091)
      DUNLAP, GRUBB & WEAVER, PLLC
      1200 G Street, NW Suite 800
      Washington, DC 20005
      Telephone: 202-316-8558
      Facsimile: 202-318-0242
      tdunlap@dglegal.com
      nkurtz@dglegal.com
      *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NO. 20] was sent via first-class mail as follows:


Jose M. Barroso
94 Medford Street
Chicopee, MA 01020
*Doe Defendant*

Cindy Tate
23 Mountain Glenn Dr.
Asheville, NC 28804
*Doe Defendant*


/s/ Nick Kurtz_____
Nicholas A. Kurtz

10