UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Maverick Entertainment Group, Inc. | ) ) ) | |
| v. | ) ) | No. 1:10-cv-00569-RJL |
| Does 1-4,350 | ) ) ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NON-PARTY TIME WARNER CABLE INC.'S MOTION TO QUASH SUBPOENA**

Non-party Time Warner Cable Inc. ("TWC") writes to apprise the Court of orders that were recently issued in related cases and that bear on TWC's motion to quash the subpoena served on it by the plaintiff in this case.

This case is part of a series of essentially identical copyright infringement lawsuits being litigated around the country.  The U.S. District Court for the Northern District of West Virginia recently issued orders in seven copyright cases that are identical in all material respects to the instant case.  The court ordered dismissal of all but one John Doe defendant in each of the seven cases before it, on the ground that joinder of hundreds or thousands of defendants is improper. *See* Orders, *Third World Media, LLC v. Does 1,243*, No. 3:10-cv-00090-JPB, Dkt. No. 66 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-281*, No. 3:10-cv-00091-JPB, Dkt. No. 42 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-118*, No. 3:10-cv-00092-JPB, Dkt. No. 42 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-2,010*, No. 3:10-cv-00093-JPB, Dkt. No. 44 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-535*, No. 3:10-cv-00094-JPB, Dkt. No. 45 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-1,037*, No. 3:10-cv-00095-JPB, Dkt. No. 71 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-245*, No. 3:10-cv-00096-JPB, Dkt. No. 28 (Dec. 15, 2010)

(attached as Exhibit 1). The Court also noted that any individually-filed actions could proceed "only against Does with IP addresses of computers located within" the jurisdiction. *Id*. at 5 n.2. The Court consequently quashed all outstanding subpoenas that did not relate to the one remaining Doe defendant. *Id*.

That reasoning has equal application to this case. As TWC explained in its motion to quash, the complaint in this case alleges only that different defendants, at different times and different locations, using different computers and different Internet Service Providers, each allegedly made available for distribution the same movie. As the West Virginia district court correctly held, Rule 20 does not permit joinder of defendants in such circumstances. TWC's motion also establishes that TWC has zero subscribers in the District of Columbia, which would require quashing the subpoena issued to TWC under the West Virginia district court's reasoning. TWC respectfully submits that the West Virginia district court's rulings are correct, and requests that this Court consider those rulings as persuasive authority.

December 17, 2010                                     Respectfully submitted,

                                                                                    /s/ Alexander Maltas
Alexander Maltas (D.C. Bar No. 490099)
LATHAM & WATKINS LLP
555 11th St. NW
Suite 1000
Washington, DC 20004
(202) 637-2200
alexander.maltas@lw.com

*Counsel for Time Warner Cable Inc.*

## CERTIFICATE OF SERVICE

I, Alexander Maltas, certify that on December 17, 2010, I served the foregoing "Notice of Supplemental Authority in Support of Non-Party Time Warner Cable Inc.'s Motion to Quash Subpoena" along with the accompanying exhibit via the Court's CM/ECF system and that service will be accomplished by the CM/ECF system.

December 17, 2010                                                     /s/ Alexander Maltas
                                                                              Alexander Maltas (D.C. Bar #490099)