**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAVERICK ENTERTAINMENT GROUP, INC.** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00569-RJL** |
| | ) | |
| **DOES 1 – 4,350** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NON-PARTY TIME WARNER CABLE INC.'S MOTION TO QUASH SUBPOENA [DOC. NO. 24]**

TABLE OF CONTENTS

I. INTRODUCTION ........................................................ 1

II. ARGUMENT ........................................................ 2

A. STANDARDS ON MOTIONS TO QUASH........................................................ 2

B. TWC'S SUPPLEMENTAL AUTHORITY IS NOT PERSUASIVE ........................................................ 3

III. CONCLUSION........................................................ 9

TABLE OF AUTHORITIES

**Cases**

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) .................................... 2-3, 4

Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008) .......................................4

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y February 18, 2009).....................4

Arista Records, LLC v. Does 1-11,

No. 1:07-CV-2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)....................................4

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004)...... 4-5

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) .....................................9

DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004) ..........................................................4

Fonovisa, Inc. v. Does 1-9, No. 07-1515, 2008 WL 919701 (W.D. Pa. April 3, 2008).............3, 4

Heat & Control, Inc. v. Hester Industries, Inc.,

785 F.2d 1017, 228 USPQ 926 (Fed. Cir. 1986) ..............................................................2

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)..........................................2

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ................................9

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .........9

MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004).....................................4

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)..............................2

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)............................4, 7

Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006).....................4

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.)...........9

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ..................................9

United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979) .......................................2

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)......................................9

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) ......................2

**Statutes**

Fed. R. Civ. P. Rule 20 ..................................................................................................................5

Fed. R. Civ. P. Rule 26 ..................................................................................................................2

Fed. R. Civ. P. Rule 45 ..................................................................................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff submits this response to non-party Time Warner Cable Inc.'s (TWC) notice of supplemental authority filed in support of its motion to quash a subpoena. [Doc. No. 24]

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion pictures over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on April 9, 2010 and named Does 1-1,000 as Defendants. [Doc. No. 1][1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court via a minute order on April 19, 2010 and via a written order on May 24, 2010. [*See* Doc. Nos. 4-6 and 7][2] Thereafter, Plaintiff served numerous subpoenas on the non-party ISPs, requesting various production dates.

TWC filed a motion to quash the subpoena served on it, which is still pending. [See Doc. No. 20] TWC now wants this Court to consider proceedings in other cases that have no relevance to the subpoena served on TWC. The Court should not indulge TWC's continued attempt to present irrelevant issues and avoid complying with the subpoena.

---

[1] On August 10, 2010, Plaintiff filed its First Amended Complaint in this case. [Doc. No. 9] Plaintiff's First Amended Complaint names Does 1-4,350 as Defendants and specifically identifies all of the IP addresses for which Plaintiff is seeking discovery. [See Doc. No. 9-1]

[2] On October 19, 2010, Plaintiff filed a motion for an order approving discovery on the First Amended Complaint. [Doc. No. 10] On October 25, 2010, the Court granted Plaintiff's motion approving Plaintiff's discovery on the First Amended Complaint. [Doc. No. 11]

II. ARGUMENT

A. STANDARDS ON MOTIONS TO QUASH

The standards on a motion to quash bear repeating, as TWC advances arguments that have nothing to do with the Court quashing the subpoena. A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue. See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical

arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

B. TWC'S SUPPLEMENTAL AUTHORITY IS NOT PERSUASIVE.

TWC asks this Court to consider orders from the Northern District of West Virginia issued in response to a doe defendant's motion to dismiss to justify quashing the subpoena to TWC in this case. Not only is this argument misplaced, as TWC once again advances an argument for which it does not have standing and which is irrelevant on a motion to quash, but the orders from the Northern District of West Virginia are severely flawed. Further, the orders from the Northern District of West Virginia contradict previous orders issued by Judge Collyer in this Court, where those orders present the better position.

First, Judge Bailey's orders fail to address a number of issues. Judge Bailey's orders improperly restrict the nature of the allegations. Judge Bailey's orders state that "plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright." [Doc. No. 24-1 at p. 2] However, Judge Bailey's orders failed to consider the allegations concerning the nature of the infringing activity via torrent services involved.

Because of the nature of the swarm downloads alleged, every infringer (Doe Defendant) is simultaneously stealing copyrighted material through collaboration from many other infringers, through a number of ISPs, in numerous jurisdictions around the country. The file-focused nature of these torrent services illustrates that it is highly likely that all of the alleged

Doe Defendants have been involved with the same infringing file (a plaintiff's movie) from the time of its initial seeding up to and including the present day, thus constituting the same series of transactions and occurrences.

Further, Judge Bailey's orders fail to address directly contradictory authority, including Judge Collyer's orders and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) (Kollar-Kotelly, C.); Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008); Arista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009), Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004); MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004); Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006); DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004).

In fact, in many of the similar music download cases, the plaintiffs submitted a list of over three hundred court orders that have apparently approved joinder in similar cases. See, e.g., Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d at 251.[3] On the other hand, the cases relied upon by Judge Bailey are opinions or orders (all of which are not published in the Federal Register) that provide very little analysis and generally rely on conclusory assertions in concluding that those cases suffered from misjoinder.

For example, the reliance on BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) is unpersuasive. First, the analysis in that case was quite sparse and unclear. The predominate reasoning for the court's conclusion of improper joinder seemed to be its finding that "[e]ach claim involves different property, facts, and defenses.…[g]iven this

[3] Plaintiff acknowledges that the use of this list has been criticized by at least two courts. See Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D. Ohio Nov. 3, 2008); Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701, at *5 fn. 10 (W.D. Pa. Apr. 3, 2008).

panoply of facts, law, and defenses…[j]oinder is improper." The court seemed to conclude that the allegations did not satisfy the second prong of Rule 20(a)(2) and lacked the requirement of "*any* question of law or fact common to all defendants will arise in the action." Rule 20(a)(2)(B) (emphasis added). However, the court never considered the initial common question of law of whether all defendants infringed the plaintiffs' copyrights or the initial common question of fact of whether all defendants used a file sharing service over the internet. Either of these questions was common to all defendants and would seem to satisfy the requirement of *any* common question of law or fact.

Further, Judge Bailey's orders do not consider the part of that court's analysis that provides a clear factual distinction. There, the court found that each claim of copyright infringement involved separate and distinct copyrights held by multiple plaintiffs:

> John Doe 104, for example, is alleged to have infringed nine works held by five Plaintiffs. John Doe 113 is alleged to have infringed ten works owned by a different (sometimes overlapping) group of Plaintiffs, with only one copyright identical to John Doe 104 ("Guilty Conscience," by the popular rap lyricist Eminem). John Doe 199, meanwhile, is alleged to have infringed seven works, none of them the same as John Doe 58. Plaintiffs' Complaint, Exh. A. In other words, in addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant.

<u>BMG Music v. Does 1-203</u>, No. Civ.A. 04-650, 2004 WL 953888 at *1.

In the cases in front of Judge Bailey, as with this case, the allegations relate to the infringement of only one copyright held by only one plaintiff. Accordingly, a question of law and fact is common to all Doe Defendants – whether each Doe Defendant did unlawfully copy and/or distribute each plaintiff's movie. Again, to satisfy the requirement that a question of law or fact common to all defendants will arise in the action, a plaintiff need to only allege that *any* question of law or fact is common to all Doe Defendants. Just because certain Doe Defendants

might present different defenses, and just because *some* facts related to the Doe Defendants might be different, does not defeat a plaintiff's initial showing under this second prong of Rule 20(a)(2).

If a plaintiff had to show that every single fact and legal argument was the same for every defendant in a case, joinder of defendants could never exist. There will always be some level of different facts or legal theories amongst co-defendants, even where their liabilities arise out of the same transaction or series of transactions. That is precisely why the second prong of Rule 20(a)(2) only requires that *any* question of law or fact be common to all Doe Defendants.

All of these arguments and issues were advanced in front of Judge Collyer in the *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC and *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC cases. Therein, Judge Collyer ruled that "the numerous Doe Defendants are not severed due to misjoinder." [*Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Doc. No. 34; *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Doc. No. 25 (attached as Exhibit 1 hereto; a nearly identical order was issued in the *Achte/Neunte* case)] Judge Collyer stated at the hearing that she would not quash the subpoena to TWC "because we don't know who the end users are and even though I trust the representation that none of those persons is in the District of Columbia as a residence, we don't know where their actions were taken that were offensive to the copyright interest of the plaintiff." [Doc. No. 20-4 at p. 45:2-7]

Second, Judge Bailey's orders do not provide any authority that any "amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia." [Doc. No. 24-1 at p. 5 fn. 2] It appears that Judge Bailey is making a *sua sponte* determination of the personal jurisdiction over the doe defendants in those cases.

There is simply no authority for such an order.[4] As stated by Judge Collyer, such an argument does not provide grounds for quashing the subpoena to TWC.

It appears that Judge Bailey made this determination based on TWC's argument that "there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements." [Doc. No. 24-1 at p. 5 fn. 2] Judge Bailey seemingly did not consider that most ISPs assign dynamic IP addresses that change over time, so no publicly-available website determines the location of an IP address at the time of the alleged infringement, only at the time of the website search.

More importantly, Judge Bailey seemingly did not consider that the exact same argument and technique was specifically rejected in Sony v. Does 1-40. There, the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'" 326 F. Supp. 2d at 567. The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York. This, however, does not resolve whether personal jurisdiction would be proper." Id. at 567-568.

Also as shown by Judge Collyer at the hearing, just because TWC does not have any subscribers in this district and just because a Doe Defendant's residence in not in this district does not mean the Court lacks jurisdiction over them. Judge Bailey's orders fail to consider that an infringing act could have occurred by a Doe Defendant while visiting this jurisdiction or that the Court might have general personal jurisdiction over a Doe Defendant who has the requisite

---

[4] It is important to note that Judge Bailey sealed the filings in those cases from public access on Pacer. However, Judge Bailey never provided any authority for the sealing of the court's records.

minimum contacts. As shown by Judge Collyer's orders and the cases cited herein, any determination of personal jurisdiction is simply premature until a Doe Defendant has been identified and named.

It is important to note that Judge Bailey made his ruling with no real opposition briefing from the plaintiffs in regard to the joinder and personal jurisdiction issues and without himself conducting any hearing.[5] On the other hand, Judge Collyer made her rulings after full briefing and a hearing on the joinder and personal jurisdiction issues. Overall, Judge Collyer's decision to not sever the Doe Defendants for misjoinder at such an early stage of the case is the better position.

Lastly, TWC's characterization of this "development" is not only misleading, it is blatantly false. TWC states that the Northern District of West Virginia "ordered *dismissal* of all but one John Doe defendant in each of the seven cases before it." [Doc. No. 24 at p. 1 (emphasis added)] The Northern District of West Virginia's orders are clear – the motion to dismiss was denied. [See Doc. No. 24-1 at pp. 3-4] Rather, the Northern District of West Virginia severed all but one doe defendant.

Therefore, the Court should disregard TWC's proposed supplemental authority and TWC's arguments related to joinder and personal jurisdiction. Again, these arguments are simply irrelevant to TWC's motion to quash and are premature in the overall course of these proceedings.

---

[5] While a hearing was held, that hearing was with the magistrate judge. It is unclear from the record, but it does not appear that the magistrate judge made any recommendation or report to Judge Bailey concerning the joinder issue in those cases.

III. CONCLUSION

Overall, TWC has not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from TWC. On the other hand, TWC has not truly established a justified undue burden to require quashing of the subpoena. TWC's supplemental authority has not changed the analysis. Therefore, the Court should disregard TWC's supplemental authority, compel TWC to comply with the subpoena, and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully Submitted,

MAVERICK ENTERTAINMENT GROUP, INC.

DATED: December 27, 2010

By: /s/______________________________

Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*