# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALL OF THE WILD MOVIE, LLC,<br><br>        Plaintiff,<br><br>        v.<br>DOES 1-1,062,<br><br>        Defendants. | Civil Action No. 10-455 (BAH)<br>Judge Beryl A. Howell |
| MAVERICK ENTERTAINMENT GROUP, INC.,<br><br>        Plaintiff,<br><br>        v.<br>DOES 1-4,350,<br><br>        Defendants. | Civil Action No. 10-569 (BAH)<br>Judge Beryl A. Howell |
| DONKEYBALL MOVIE, LLC,<br><br>        Plaintiff,<br><br>        v.<br>DOES 1-171,<br><br>        Defendants. | Civil Action No. 10-1520 (BAH)<br>Judge Beryl A. Howell |

## ORDER

Upon consideration of non-party Time Warner Cable Inc.'s motions to quash subpoenas issued to it in *Call of the Wild Movie, LLC v. Does 1-1,062* (No. 10-cv-455, ECF No. 7), *Maverick Entertainment Group, Inc. v. Does 1-4,350*, (No. 10-cv-569, ECF No. 18), and *Donkeyball Movie, LLC v. Does 1-117* (No. 10-cv-1520, ECF No. 7), the memoranda filed in support of and opposition to these motions, the amicus briefs, supplemental filings, and the accompanying declarations and applicable law, it is hereby

**ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, Time Warner Cable Inc.'s motions to quash in *Call of the Wild Movie, LLC v. Does 1-1,062* (No. 10-cv-455) and *Donkeyball Movie, LLC v. Does 1-117* (No. 10-cv-1520) are DENIED; and it is further

**ORDERED** that Time Warner's motion to quash in *Maverick Entertainment Group, Inc. v. Does 1-4,350*, (No. 10-cv-569) is GRANTED due to the plaintiff's failure to serve Time Warner with its subpoena in accordance with Federal Rule of Civil Procedure 45(b). The subpoena issued to Time Warner on September 14, 2010 in relation to *Maverick Entertainment Group, Inc. v. Does 1-4,350* is hereby quashed; and it is further

**ORDERED** that the plaintiff in *Maverick Entertainment Group, Inc. v. Does 1-4,350* is granted leave to re-issue its subpoena to Time Warner in this case within ten days from entry of this Order. If plaintiff chooses to re-issue its subpoena to Time Warner, it must file proof of service of such subpoena with the Court within ten days of this Order. The plaintiff's failure to do so will result in automatic dismissal of the putative defendants listed in the plaintiff's original subpoena to Time Warner, dated September 14, 2010.

**SO ORDERED.**

DATED: March 22, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge