UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-4,350, <br><br> Defendants. | Civil Action No. 10-0569 (BAH) <br> Judge Beryl A. Howell |

## ORDER

On April 8, 2010, plaintiff Maverick Entertainment Group, Inc. filed a Complaint against unidentified individuals for illegally infringing plaintiff's copyrights in the motion pictures *13 Hours in a Warehouse, A Numbers Game, Border Town, Deceitful Storm, Fast Track No Limits, He Who Finds a Wife, Hellbinders, Locator 2, Smile Pretty (aka Nasty), Stripper Academy, The Casino Job, The Clique (aka Death Clique),* and *Trunk,* using a file-sharing protocol called BitTorrent.  Compl., ECF No. 1, ¶¶ 3, 9.  The plaintiff does not know the names and addresses of those it accuses of copyright infringement, but states that "information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend [the] Complaint to state the same."  *Id.* at ¶ 8.

Shortly after initiating this case, the plaintiff moved, on April 16, 2010, to subpoena Internet Service Providers ("ISPs") for identifying information for IP addresses, listed in Exhibit C of plaintiff's motion for discovery, that the plaintiff had identified as engaging in illegal distribution of its motion pictures. Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conf., Apr. 16, 2010, ECF No. 4. The Court granted plaintiff's motion, allowing the plaintiff to

1

subpoena ISPs for identifying information for Doe defendants and setting the return date of the subpoenas issued to ISPs for thirty days from the date of service.  Order Granting Leave to Take Disc. Prior to Rule 26(f) Conf., May 24, 2010, ECF No. 7 (Leon, J.)("May 24, 2010 Expedited Discovery Order").

On August 10, 2010, the plaintiff filed an Amended Complaint, specifically listing in Exhibit A to the Amended Complaint the Internet Protocol (IP) addresses of 4,350 putative defendants, along with the date and time the putative defendants allegedly infringed plaintiff's copyrights.  Am. Compl., ¶ 8, Ex. A, Aug. 10, 2010, ECF No. 9.  Thereafter, on October 19, 2010, the plaintiff again sought the Court's approval to expand the scope of the Court's May 24, 2010 Expedited Discovery Order to allow discovery to obtain identifying information for the putative defendants identified in Exhibit A to the Amended Complaint.  Pl.'s Mot. for Approval of Discovery, Oct. 19, 2010, ECF No. 10.  The Court granted plaintiff's request to expand discovery, authorizing plaintiff to obtain identifying information for those putative defendants identified in Exhibit A of plaintiff's Amended Complaint.  Order Granting Pl.'s Mot. for Approval of Discovery, Oct. 25, 2010, ECF No. 11 (Leon, J.) ("October 25, 2010 Expedited Discovery Order").

Pursuant to the Court's initial May 24, 2010 order approving expedited discovery, the plaintiff issued a subpoena to Time Warner Cable to obtain identifying information for 783 IP addresses used by this ISP's customers. This Court subsequently granted Time Warner Cable's motion to quash the subpoena, due the plaintiff's failure to serve the subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure.  Order and Memorandum Opinion, Mar. 22, 2011, ECF Nos. 48-49. Plaintiff, however, was granted leave to re-issue its subpoena to Time Warner if it did so within 10 days.  *Id.*

On March 31, 2011, nine days after the Court granted Time Warner Cable's motion to quash the subpoena, the plaintiff filed a Motion for Approval of Discovery, advising the Court that, contrary to representations by counsel for Time Warner Cable at a hearing about preservation of the data required for subpoena compliance,[1] "the data for the IP addresses listed in the original *Maverick* subpoena to Time Warner is not available." Pl.'s Mot. for Approval of Discovery, Mar. 31, 2011, ECF No. 71, at 1. Plaintiff now requests that the Court approve a new subpoena to Time Warner Cable that the plaintiff has apparently already issued and that would require disclosure of identifying information for IP addresses that are not listed in Exhibit A to plaintiff's First Amended Complaint. *Id.* at 2. In essence, the plaintiff seeks to substitute 783 new IP addresses for the 783 Exhibit A-IP addresses for which data is no longer available to provide associated identifying information. The Court appreciates the effort by plaintiff and Time Warner Cable to resolve this issue cooperatively, without litigation over potential spoliation of evidence and unnecessary judicial intervention. Authority to issue a subpoena in this case is limited, however, under the Court's October 25, 2010 order, to only the IP addresses listed in Exhibit A of plaintiff's First Amended Complaint. The Court's allowance of expedited discovery is limited to those IP addresses identified in the Complaint for sound reasons, including to enable efficient management of a case encompassing hundreds of putative and potentially named defendants and to provide notice of the plaintiff's intentions to the individuals who are associated with those targeted IP addresses. The plaintiff's motion is pending before the Court.

---

[1] In response to the Court's question of whether Time Warner was preserving the data necessary to produce information responsive to the plaintiff's subpoena in *Maverick*, Time Warner's counsel answered: "We are, indeed." Transcript of Mot. Hearing, 9-10, Maverick Entm't Grp. Inc. v. Does 1-4,350, No. 10-cv-569 (Mar. 1, 2011).

The plaintiff fails to address in this motion, however, the steps, if any, that are appropriate to take with respect to the original 783 putative defendants, who are named in the Amended Complaint and are customers of Time Warner Cable. That issue, too, is before the Court.

Since plaintiff filed its Complaint, it has not named a single defendant in this action. Nevertheless, a number of "Interested Parties" have filed a total of 21 motions to, *inter alia*, dismiss the allegations against them. *See* ECF Nos. 14, 20, 36, 38, 39, 50-56, 58, 60, 62-65, 67-69, 71. The plaintiff has filed responses to only five of the pending motions. *See* ECF Nos. 15, 23, 40, 44.

On March 1, 2011, the Court directed the plaintiff to file a status report detailing the status of plaintiff's discovery to obtain identifying information about the putative defendants. The March 11, 2011 status report filed by the plaintiff in accordance with the Court's order raises an additional issue to address in the instant order. Pl.'s Status Report, Mar. 11, 2011, ECF No. 43. Specifically, the plaintiff states that it is "willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of February 1, 2011." *Id*. at 3. Yet, the plaintiff has made no motion nor presented the Court with a proposed order to effectuate the dismissal of these putative defendants. Among the putative defendants against whom the plaintiff does not intend to proceed in this jurisdiction, are presumably some, if not all, of the Interested Parties who have pending motions before this Court.

Accordingly, having reviewed plaintiff's Motion for Approval of Discovery, ECF No. 71, and plaintiff's status report, ECF No. 43, it is hereby

**ORDERED** that plaintiff's [71] Motion for Approval of Discovery is DENIED and the subpoena issued to Time Warner Cable on March 31, 2011 in relation to *Maverick Entertainment Group, LLC v. Does 1-4,350*, No. 11-cv-569, is QUASHED; and it is further

**ORDERED** that on or before April 15, 2011, the plaintiff shall file a proposed order dismissing (1) each putative defendant listed in Exhibit A of its First Amended Complaint, ECF No. 9, whom plaintiff does not intend to sue for copyright infringement in this jurisdiction; and (2) the putative defendants listed in Exhibit 1 of Time Warner's Motion to Quash, ECF No. 18, for whom data is no longer available to provide identifying information, together with a statement whether any dismissed putative defendant has filed a motion or other document as an Interested Party in this action, with the associated ECF docket number that relates to such motion or other document; and it is further

**ORDERED** that on or before April 15, 2011, the plaintiff is granted leave to file a Second Amended Complaint, to which it may add as putative defendants, if desired, those putative defendants listed in Exhibit 1 to plaintiff's Motion for Approval of Discovery, ECF No. 71; and it is further

**ORDERED** that should the plaintiff file a Second Amended Complaint, the plaintiff may within ten days thereof issue a subpoena to Time Warner Cable to require disclosure of identifying information for IP addresses of that ISP's customers who are listed as putative defendants in such complaint; and it is further

**ORDERED** that on or before April 15, 2011, the plaintiff shall file a response to the pending motions filed by an Interested Party whom plaintiff names as a defendant or putative defendant in the Second Amended Complaint. If plaintiff fails to timely respond to a pending motion to dismiss filed by an interested party, the Court may grant the motion as conceded, *see*

LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004); and it is further

**ORDERED** that the plaintiff shall obtain leave of Court, upon a showing that justice so requires, *see* FED. R. CIV. P. 15(a)(2), in order to add to the Second Amended Complaint any named or putative defendant for whom an IP address was not listed in Exhibit A of plaintiff's First Amended Complaint, ECF No. 9, or in Exhibit 1 of plaintiff's Motion for Approval of Discovery, ECF No. 71.

**SO ORDERED**.

April 4, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge