Leave to file GRANTED

*/Beryl A Howell 4/29/2011*

Beryl A. Howell          Date
United States District Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP INC<br><br>v.<br><br>DOES 1- 4,350<br><br>And<br><br>JASMIN SILVA<br>34467 BACON PLACE<br>FREMONT CA 9455 | 1:10-cv-00569-BAH |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO QUASH SUBPOENA AND DISMISS OR SEVER FOR MISJOINDER

Defendant Jasmin Silva hereby moves to dismiss the Complaint for lack of personal jurisdiction, or, in the alternative, to quash the subpoena and dismiss or sever for misjoinder.

### I. FACTUAL BACKGROUND

Plaintiff filed its First Amended Complaint on August 10, 2010, to which it attached a list of each "Defendant thus far identified." In pursuit of identifying information for such defendants, Plaintiff issued a subpoena to Comcast Cable Communications, Inc., an Internet Service Provider (ISP), requesting information about many of the defendants' identities. In issuing the subpoenas, the Plaintiff primarily relies upon an Internet Protocol (IP) address to identify each of the alleged infringers. Defendant Silva was identified by IP address 24.6.177.153. Using a publicly available WHOIS query, such as the one located at http://whois.arin.net, anyone can determine

that this particular IP address is assigned to Comcast in the "Bay Area" of California. See Exhibit # 1, WHOIS Record.   On information and belief, Plaintiff used this method of acquiring information to identify the appropriate ISP to which to issue the subpoena. Prior to disclosing Defendant's identifying details, Comcast provided Defendant with notice of the Plaintiff's subpoena. Defendant's Motion follows.

## II. PERSONAL JURISDICTION IS NOT APPROPRIATE

Defendant Silva is not a resident of the District of Columbia. Defendant is a resident of California. See Exhibit #2, Affidavit of Jasmin Silva. Accordingly, this Court must "engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing United States v. Ferrara, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1995).

The first inquiry is whether Defendant is subject to jurisdiction under the District of Columbia long arm statute. That statute requires that a defendant "caused a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District." Id. (citing D.C. Code Ann. § 13-423(a)(1981)). The three enumerated contacts are where Defendant "[i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code Ann. § 13-423(a) (1981).

A short review of the relevant facts in this matter demonstrate that personal jurisdiction under the D.C. long arm statute is simply not appropriate. Defendant is a resident of California. Defendant's use of the internet service provided by Comcast via the IP address in question occurred entirely in California. Defendant has never done business in Washington, DC., has never engaged in any persistent course of conduct, and derives no revenue from goods or services provided in the District of Columbia. See Exhibit #2. Given Defendant's total lack of contacts with Washington, D.C. Defendant would simply not be subject to District of Columbia jurisdiction under the applicable long arm statute under any theory

Even in the rare case where personal jurisdiction may be possible under the long arm statute, the exercise of jurisdiction over Defendant would far exceed the bounds of the Due Process clause. In seeking jurisdiction over a defendant, "a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice." "GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). In evaluating these notions, "courts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)).

California resident Silva was receiving internet access services in California via an ISP that advertised its services as available in California. Not only does Defendant Silva not have "minimum contacts" with Washington, D.C., she has *absolutely no jurisdictional contact* with

Washington D.C. and could have no reasonable anticipation of being haled into court in the District of Colombia. Unsurprisingly, other courts have come to the same conclusion in similar fact patterns. See e.g. ALS Scan. Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707 (4th circuit Md. 2002) (out of state ISP hosting infringing copy written material was not subject to personal jurisdiction); Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128 (D.D.C. 2009) (no jurisdiction over unknown online speakers).

While clear enough that jurisdiction is not appropriate over Defendant Silva, Plaintiff makes no allegation in its First Amended Complaint that any defendant has the appropriate contacts to be subject to personal jurisdiction in the District of Columbia. See generally Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 133 (D.D.C. 2009). Furthermore, Plaintiff already knows, via its public-access DNS searches, that the user of the IP address in question is based in the State of California. See Exhibit #1.

Given that jurisdiction over Defendant in this matter cannot be lawfully maintained, the matter should be appropriately dismissed.

### III. THE SUBPOENA SHOULD BE QUASHED

Even in the unlikely event that personal jurisdiction were appropriate, the subpoena issued to Comcast seeking information about Defendant should be quashed.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes an "undue burden." Furthermore, the Federal Rules dictates that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining an "undue burden," a court examines "relevance, the need of the party for the

documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Flatow v. Islamic Republic of Iran</u>, 196 F.R.D. 203, 206 (D.D.C. 2000), <u>vacated in part and affirmed in part on other grounds</u>, 305 F.3d 1249 (D.C. Cir. 2002).

As to Defendant, Plaintiff already knew, by virtue of its WHOIS inquiry in Exhibit #1, that Defendant Silva is located in the Bay Area of California. Accordingly, Plaintiff already knows, or should know, that jurisdiction over Defendant will simply not be lawful for reasons already discussed. Whether Plaintiff has the specific name and street address of the Defendant's California address is completely irrelevant to the matter at hand until Plaintiff demonstrates that jurisdiction over a California resident would meet standards of personal jurisdiction. As explained, "relevance and the need of the party for the documents" are two core inquiries in determining the burden of a subpoena request. <u>Flatow</u>, 196 F.R.D. at 206 (D.D.C. 2000). In this case, Plaintiff already has all the information necessary to determine whether Defendant is subject to personal jurisdiction. Until that issue is resolved, the subpoena is simply asking for information that is not relevant to the issues at hand. The subpoena requesting irrelevant and unnecessary information should accordingly be quashed.

## IV. MISJOINDER

Finally, even in the unlikely scenario that the matter is not dismissed for lack of personal jurisdiction or the subpoena is not quashed, Defendant Silva should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if;

(A) any right to relief is asserted against them jointly, severally, or in the alternative with espect to or arising out of the same transaction, occurrence. or series of transactions or occurrences: and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In this case, Plaintiffs attempting to improperly join over four thousand individuals in a single action without alleging any coordinated action between the defendants or any right to relief that arises out of the same transaction.

There is no alleged or implied relationship between the 4,300 defendants. In addition, the First Amended Complaint contains no allegation that any two defendants acted in concert or otherwise conspired against Plaintiff. Other courts have found that a failure to make such allegations to be fatal to an attempt to join numerous defendants. Arista Records, LLC v. Does 1-4, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) ("The 'same transaction' requirement [of Fed. R. Civ. P. 20] means there must be some allegation that the joined defendants 'conspired or acted jointly."(citation omitted).

Other courts have questioned the propriety of joinder in other file-sharing cases brought by the recording industry against pseudonymous defendants. Specifically:

> "It appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper."

Arista Records LLC, 589 F. Supp. 2d 154 (D. Conn. 2008) (citing Arista Records, LLC v. Does 1-11, No. 07-2828, 2008 U.S. Dist. LEXIS 90183, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)) At least one court has even gone so far as to suggest that Rule 11 sanctions might apply for the attempted joinder of numerous defendants in cases involving similar fact patterns. Arista

Records, LLC v. Does 1-27, No. 07-162, 2008 U.S. Dist. LEXIS 6241, 2008 WL 222283, at *6 n 5 (D. Me. Jan. 25,2008).

Finally, and perhaps most importantly, Defendant would be heavily prejudiced by the incredible number of infringement and remedies arguments that a jury would be required to consider at trial. Joinder rules exist to maintain a minimal level of sanity in a  litigation proceeding. Joining 4,300 defendants, located all across the country, and alleging that these thousands of defendants have infringed any number of works is exactly the type of situation that joinder rules intend to avoid. Defendant should accordingly be severed or dismissed from the present matter.

## IV. CONCLUSION

Given all the foregoing, Defendant Jasmin Silva respectfully requests that the Court dismiss Defendant for lack of personal jurisdiction. Alternatively, any requests made via subpoena pertaining to Defendant should be quashed and Defendant should be severed from the present proceeding.

Respectfully submitted,

**Jasmin Silva**
(In Pro Per)

## CERTIFICATE OF SERVICE

I hereby certify that an original copy of the foregoing was served to the Clerk of the Court via

United States Postal Service

**Jasmin Silva**
34467 BACON PLACE
FREMONT CA 9455

**WHOIS-RWS**

| | |
|---|---|
| NetRange | 24.6.0 0 - 24.6.255.255 |
| CIDR | 24.6.0.0/16 |
| Name | BAYAREA-10 |
| Handle | NET-24-6-0-0-1 |
| Parent | EASTERNSHORE-1 (NET-24-0-0-0-1) |
| Net Type | Reassigned |
| Origin AS | |
| Customer | Comcast Cable Communications (C00703339) |
| Registration Date | 2003-11-05 |
| Last Updated | 2004-07-02 |
| Comments | |
| RESTful Link | http://whois.arin.net/rest/net/NET-24-6-0-0-1 |
| See Also | Upstream network's resource POC records. |
| See Also | Upstream organization's POC records. |
| See Also | Related delegations. |

| | |
|---|---|
| Name | Comcast Cable Communications |
| Handle | C00703339 |
| Street | 3 Executive Campus<br>5th Floor |
| City | Cherry Hill |
| State/Province | NJ |
| Postal Code | 08002 |
| Country | US |
| Registration Date | 2003-11-05 |

*Exhibit 1*

Last Updated                    2011-03-19

Comments

RESTful Link                    http://whois.arin.net/rest/org/C00703339

.

## AFFIDAVIT OF JASMIN SILVA

1.  I am over the age of 18 years  I have personal knowledge of the matters stated below and am competent to testify to these matters.

2.  I am a resident of Fremont, California.

3.  I have never resided in the District of Columbia for any period of time.

4   I do not conduct or solicit any type of business in Washington, DC.

5.  I do not derive any income from goods or services sold or provided in Washington. DC.

6.  I do not engage in any sort of conduct let alone persistent conduct, in Washington, DC.

7.  I had no reason to expect that I could ever be sued in Washington, DC, for any reason.

8.  I live approximately 2,800 miles away from the court. Defending against a lawsuit in Washington. DC would be exceptionally burdensome to me.


I solemnly declare and affirm under the penalties of perjury that the foregoing statements are true.


_____          _____
Jasmin Silva                                      Date