**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CA. 1:10-cv-00569-BAH ) |
| DOES 1 – 2,115 | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME TO NAME
AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

   To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's various motion pictures over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

   In its June 20, 2011 Minute Order, the Court granted in part Plaintiff's motion for an extension of time to name and serve Defendants to August 15, 2011. In its Second Amended Complaint, Plaintiff named 2,115 Doe Defendants. [Doc. No. 111] As of the date of this motion, Plaintiff has received identifying information for all but approximately one batch of 49

1

IP addresses subpoenaed for Verizon and 49 IP addresses for which identifying information has been withheld based on motions filed with the Court.[1] Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the remaining Doe Defendants in this case for an additional 90 days.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

---

[1] Concurrently herewith, Plaintiff is filing a notice of voluntary dismissal, without prejudice, of the 1,975 remaining IP addresses for which it has received identifying information and which Plaintiff does not wish to pursue in this jurisdiction. On June 13, 2011, Plaintiff filed a notice of voluntary dismissal, without prejudice, of the other 42 IP addresses listed in the Second Amended Complaint. [Doc. No. 142]

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D.

2

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

---

55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

B.   PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not named and served the Doe Defendants in this case. First, good cause exists for a further extension because Plaintiff has not received information from all of the ISPs for all of the IP addresses. More precisely, Plaintiff has received complete productions, except for IP addresses withheld for motions (discussed below), from seven of the eight ISPs. Plaintiff has not received a complete production from Verizon. Verizon has resolved 296 IP addresses out of the 345 IP addresses in the subpoena, leaving 49 IP addresses unresolved at this time. Plaintiff's counsel anticipates production of the remaining 49 IP addresses from Verizon in 30 days, but the complete final production from Verizon may take up to 60 days from the date of this motion.[3]

Second, identifying information for a number of IP addresses has been withheld because of motions filed by the Doe Defendants. On May 12, 2011, the Court issued a memorandum opinion and order denying all then-pending motions filed by the Doe Defendants. [Doc. Nos. 133, 134] By Minute Orders on May 23, 2011, June 17, 2011, and August 9, 2011, the Court denied additional motions filed by the Doe Defendants. Plaintiff's counsel has forwarded the Court's Orders to the ISPs and has requested the identifying information for the withheld IP

---

[3] Plaintiff served the subpoena on Verizon on September 17, 2010, which was 151 days from the April 19, 2010 Minute Order authorizing discovery. Plaintiff's counsel has an agreement with Verizon whereby it will produce 100 IPs per month minimum for this and similar cases from Plaintiff's counsel combined. Again, there was a significant delay in serving subpoenas and getting productions because of the papers filed by Time Warner Cable and the amici. Further, the remaining IP addresses in the Verizon subpoena are all for infringements occurring after the filing of the initial complaint.

addresses. However, Plaintiff has yet to receive identifying information for 49 IP addresses withheld for motions.[4]

Therefore, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. Further, the remaining Doe Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Attached as **Exhibit A** hereto are the 98 remaining Doe Defendants for which Plaintiff seeks an extension. Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the ISPs. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[5]

III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the Doe Defendants in this case. In an abundance of caution, Plaintiff requests at least an additional 90 days in which to effectuate service, voluntarily dismiss any Doe Defendants without prejudice, or show cause why the deadline to effectuate service should be further extended.

---

[4] A significant cause of the delay in the ISPs producing identifying information for IP addresses withheld based on motions, even after the Court has denied a number of motions, is that many ISPs receive motions that do not appear on the Court's docket, and the ISPs attempt to determine from the Doe Defendants whether the motions have actually been filed. In circumstances where a Doe Defendant has not filed the motion and only sent it to the ISP, most ISPs withhold the identifying information so that the Doe Defendant can then file the motion with the Court.

[5] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).

Respectfully Submitted,

                                                  MAVERICK ENTERTAINMENT GROUP, INC.

DATED:  August 15, 2011

                          By:    /s/
                                Thomas M. Dunlap (D.C. Bar # 471319)
                                Nicholas A. Kurtz (D.C. Bar # 980091)
                                DUNLAP, GRUBB & WEAVER, PLLC
                                1200 G Street, NW Suite 800
                                Washington, DC 20005
                                Telephone: 202-316-8558
                                Facsimile: 202-318-0242
                                tdunlap@dglegal.com
                                nkurtz@dglegal.com
                                *Attorney for the Plaintiff*