UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAVERICK ENTERTAINMENT GROUP,
INC.,

Plaintiff,

v.

DOES 1 - 2,115,

Defendants.

Civil Action No. 10-569 (BAH)
Judge Beryl A. Howell

MEMORANDUM OPINION

On June 9, 2011, putative defendant Frank Digiovannangelo moved to intervene in this

case pursuant to Federal Rule of Civil Procedure 24 in order to quash the subpoena issued by the

plaintiff to his Internet Service Provider (hereinafter "ISP"), or, in the alternative, to obtain

dismissal from these proceedings.  Referencing the Court's Memorandum Opinion dated May

12, 2011, ECF No. 133, the Court denied the Movant's motion by Minute Order on June 17,

2011.  On July 8, 2011, the plaintiff moved for sanctions against Mr. Digiovannangelo's counsel,

Eric J. Menhart, for "frivolous filings," arguing that the motion to intervene was "nearly identical

to numerous similar motions previous [sic] filed by this attorney and denied by this Court."  Pl.'s

Mot. Sanctions, ECF No. 145, at 2.  As explained below, the plaintiff's motion for sanctions is

denied.  Moreover, the Court takes this opportunity to further clarify the denial of Mr.

Digiovannangelo's motion to intervene.

I.      BACKGROUND

On April 8, 2010, plaintiff Maverick Entertainment Group, Inc. filed a Complaint against

unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally

1

infringe plaintiff's copyrights in thirteen motion pictures: Army of the Dead, Border Town 2009,

Buds for Life, Demons at the Door, Holy Hustler, Jack Squad, Smile Pretty (aka Nasty), Stripper

Academy, The Casino Job, The Clique (aka Death Clique), Too Saved, Treasure Raiders, and

Trunk.  Compl. ¶¶ 3, 9, ECF No. 1.  The plaintiff subsequently filed an Amended Complaint

listing 4,350 putative defendants, who are identified only by their IP addresses.  Am. Compl.,

Aug. 10, 2010, ECF No. 9.[1]  Given that the defendants in this case were unidentified at the time

the plaintiff filed its Complaint, on April 19, 2010, the Court granted the plaintiff leave to

subpoena ISPs to obtain identifying information for the putative defendants.  Minute Order dated

April 19, 2010 (Leon, J.); Order Granting Pl.'s Mot. for Leave to Take Discovery Prior to Rule

26(f) Conference, May 24, 2010, ECF No. 7 (Leon, J.).  Specifically, the Court authorized the

plaintiff to obtain "information sufficient to identify each Defendant, including name, current

(and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control

addresses."  Order Granting Pl.'s Mot. for Leave to Take Discovery Prior to Rule 26(f)

Conference, May 24, 2010, ECF No. 7 (Leon, J.), at 1.  This information was to be "used by the

plaintiff solely for the purpose of protecting the plaintiff's rights as set forth in the complaint."

*Id.* at 2.

Since the Court approved expedited discovery, ISPs have provided identifying

information for the putative defendants in response to the plaintiff's subpoenas on a rolling basis.

Prior to providing the plaintiff with a putative defendant's identifying information, the ISPs were

required to send notices to the putative defendants informing them of their right to challenge

---

[1] On April 15, 2011, the plaintiff voluntarily dismissed without prejudice 2,579 putative defendants for whom it had received identifying information but did not intend to sue in this Court.  The plaintiff then filed a Second Amended Complaint on April 20, 2011 listing 2,115 putative defendants.  ECF Nos. 97, 111.  Since the filing of the Second Amended Complaint, the plaintiff voluntarily dismissed 42 putative defendants on June 13, 2011, ECF No. 142, and another 1,975 putative defendants on August 15, 2011.  ECF No. 154.  The plaintiff has yet to name and serve a defendant.

release of their information in this Court.  *See* Order Granting Leave to Take Discovery dated

May 22, 2010, ECF No. 7 (Leon, J.);  Pl.'s Mot. Leave to Take Discovery, ECF No. 4, at 5

(stating that if the Court permitted discovery, ISPs will "notify their subscribers that this

information is being sought, and each Defendant will have the opportunity to raise any

objections before this Court prior to the return date of the subpoena.").  Many of the putative

defendants moved to prevent release of their identifying information, arguing primarily that (1)

the subpoenas issued to their ISPs should be quashed because they required disclosure of

privileged or protected information, or that they should be dismissed because (2) they did not

engage in the alleged illegal conduct, (3) the Court lacks personal jurisdiction, or (4) the putative

defendants are improperly joined.  On May 12, 2011, the Court denied the putative defendants'

motions, on grounds, *inter alia*, that the motions were premature because the plaintiff had yet to

name defendants in the case.  *Maverick Entm't Grp., Inc. v. Does 1- 2,115*, No. 10-cv-569, 2011

WL 1807428 (D.D.C. May, 12, 2011).  With regard to the release of the putative defendants'

identifying information, the Court held that the putative defendants' right to anonymity in the

context of their BitTorrent activity does not outweigh the plaintiff's need to conduct limited

discovery to identify individuals infringing its copyrights.  *Id.* at *4.

   On June 9, 2011, Frank Digiovannangelo (hereinafter "the Movant") filed a motion to

intervene "for the purposes of quashing or modifying the subpoena issued to his ISP, or, in the

alternative, raising defenses under Rule 12(b) of the Federal Rules of Civil Procedure."  ECF No.

139, at 1. The Movant claims that IP address 173.59.37.2 (putative defendant number 4504),

which is listed in the Amended Complaint, is associated with his computer and internet usage.

The plaintiff is apparently continuing to seek identifying information for this IP address and has

not dismissed this IP address from this lawsuit.

Along with his motion to intervene, the Movant simultaneously filed motions to quash the subpoena, and to dismiss the case against him on grounds of misjoinder and lack of personal jurisdiction.  The Court denied these motions on June 17, 2011, referencing the Court's previous May 12, 2011 Memorandum Opinion, which fully explained the Court's reasoning for denying motions to quash and motions to dismiss filed by persons, such as Movant, who are not named defendants in the case but claim that they are identified by an IP address in the Complaint. Minute Order dated June 17, 2011 (Howell, J.).

On July 8, 2011, the plaintiff moved for sanctions pursuant to Federal Rule of Civil Procedure 11 against the Movant's attorney, Eric J. Menhart, arguing that the Movant's motion to intervene "is nearly identical to numerous similar motions previous filed by this attorney and denied by this Court."  Pl.'s Mot. Sanctions, ECF No. 145, at 2.  The plaintiff further asserts that the Movant's filings are "procedurally and substantively defective, [and] they amount to nothing more than frivolous filings made in a deliberate attempt to somehow circumvent this Court's clearly established memorandum opinions and orders."  *Id.*

As set forth below, the Court further clarifies the reasons for denial of the Movant's motion to intervene and denies the plaintiff's request for Rule 11 sanctions against Movant's counsel for filing a motion to intervene on behalf of his client.

## II.    DENIAL OF THE MOVANT'S MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 states that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P.  24(a)(2).  To intervene as a matter of right under FED. R. CIV. P.  24(a), "(1) the

application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998)); *see also Aref v. Holder,* 774 F. Supp. 2d 147, 171 (D.D.C. 2011). If a movant does not meet the requirements to intervene as a matter of right, the Court may nonetheless allow intervention, pursuant to FED. R. CIV. P. 24 (b), if the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24 (b)(1)(B).

In the instant case, the Movant timely moved to intervene, but he is not entitled to intervene as a matter of right because he does not have a sufficiently cognizable legally protected interest in the litigation. Furthermore, permissive intervention pursuant to FED. R. CIV. P. 24(b) is unnecessary.

### A.  The Movant Is Not Entitled to Intervene Pursuant to FED. R. CIV. P. 24(a)

To intervene as a matter of right pursuant to FED. R. CIV. P. 24(a)(2), the Movant must demonstrate that a "significantly protectable interest" is at stake in the litigation. *Donaldson v. United States,* 400 U.S. 517, 531 (1971). This requirement refers "not to *any* interest the [Movant] can put forward, but only to a legally protectable one." *Roane v. Gonzales,* 269 F.R.D. 1, 3 (D.D.C. 2010) (quoting *City of Cleveland, Ohio v. Nuclear Regulatory Comm'n,* 17 F.3d 1515, 1517 (D.C. Cir. 1994)) (emphasis in original). Here, the Movant asserts that he has an interest in protecting release of his identifying information, and a "legally cognizable interest of due process." Movant's Mot. Intervene, ECF No. 139, at 3. The Court disagrees.

> 1. *The Movant Does Not Have a Sufficiently Cognizable Legally Protected Interest in Protecting Release of His Identifying Information*

The Movant asserts that he has a "legally cognizable interest in maintaining the confidentiality of the information requested by the subpoenas directed to the ISPs and issued by this court."   Movant's Mot. Intervene, ECF No. 139, at 3.  The plaintiff argues in response, however, that the "Court has continually held that any privacy interests the Doe Defendants may have is overcome by Plaintiff's need for the discovery" and the Movant therefore has no right to intervene.  Pl.'s Mot. Sanctions, ECF No. 145, at 12-13.

The plaintiff is correct that the Court has explained in previous decisions in this case that the Movant and other putative defendants' "First Amendment rights to anonymity in the context of their BitTorrent activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights."  *Maverick Entm't Grp.*¸ 2011 WL 1807428, at *4 (May 12, 2011 Memorandum Opinion); *Call of the Wild Movie, LLC v. Does 1-1,062,* No. 10-cv-455, 2011 WL 996786 at *10–15 (D.D.C. Mar. 22, 2011) (consolidated Opinion addressing, *inter alia,* motions to quash filed in *Maverick Entm't Grp., Inc. v. Does 1-2,*115).  The Movant has not been named as a party to this lawsuit and is not the entity to which a subpoena has been directed demanding information.  The interest asserted by the Movant in keeping limited identifying information out of the hands of the plaintiff is an interest that this Court has previously held is insufficient in light of the plaintiff's allegations that the putative defendants engaged in copyright infringement.  *See Maverick Entm't Grp.*¸ 2011 WL 1807428 at *3 ("[W]hatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement.").

In *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480 (E.D. N.C. 2008), a case also involving allegations against putative defendants for illegal downloading of copyrighted works, the court denied a putative defendant's motion to intervene in the case stating that it, "like other

courts, understands that while a person using the internet to distribute or download copyrighted music without authorization engages in the exercise of speech, the First Amendment does not protect that person's identity from disclosure."  Thus, a putative defendant's "First Amendment right to anonymous communications over the internet" was not a "significantly protectable interest warranting intervention" in the case.  *Id.* at 481.

This Court agrees with the reasoning of the court in *Arista Records*.  As previously explained, the plaintiff's need for the Movant's identifying information outweighs the Movant's First Amendment right to engage anonymously in BitTorrent activity.  Preventing release of identifying information in this context is therefore not a sufficiently cognizable legally protected interest to warrant intervention as a matter of right.

2.   *The Movant's Due Process Rights are Not Impaired in this Case.*

In addition to preventing release of his identifying information, the Movant contends that "equally important" is the Movant's "legally cognizable interest of due process, namely the opportunity to defend hisself [sic] in the court from which the subpoenas issued."  Movant's Mot. Intervene, ECF No. 139, at 3.  If intervention is denied, the Movant asserts that he would be "deprive[d] [of] the opportunity to raise personal jurisdiction defense, among other defenses," which would be "a serious impairment of Movant's rights to due process and a clear threat to Movant's interests in a complete legal defense."  *Id.* at 4.  This argument is without merit for three reasons.

First, as with other putative defendants in this case, the plaintiff has not named the Movant as a defendant in this action.  As a result, the Movant is not subject to this Court's jurisdiction, nor must he respond in any manner to the plaintiff's potential accusations of copyright infringement.  Although the Court has permitted putative defendants to file motions in

this case despite the fact that they are not named parties, the merits of each putative defendants'

personal defenses are not properly before the Court at this stage of the litigation.  As the Court

has previously stated, if and when the plaintiff elects to proceed against the Movant for alleged

copyright infringement, the Movant may present a "complete legal defense" and raise any and all

defenses.  *See Maverick Entm't Grp.*¸ 2011 WL 1807428 at *9 (May 12, 2011 Memorandum

Opinion) ("If and when the putative defendants are ultimately named in this lawsuit, the

defendants will have the opportunity to file appropriate motions challenging the Court's

jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider

dismissal.  Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.").

Second, the Movant's argument that he will be deprived of his due process rights absent

intervention is also incorrect because despite the fact that he has not been named as a party, the

Court has permitted putative defendants to file motions to quash or dismiss without intervening.

Thus, as a factual matter, the Movant's right to "raise [a] personal jurisdiction defense, among

other defenses" is not impaired.

Finally, intervention is inappropriate because it would amount to an effort to circumvent

the "plaintiff's right to name defendants of plaintiff's choosing."  Pl.'s Reply in Support of Mot.

Sanctions, ECF No. 147, at 3.  At this procedural juncture, even if the Movant were allowed to

intervene in this action, the Court would deny the Movant's motions to quash and dismiss under

Federal Rule of Civil Procedure 12(b) because the plaintiff has not named the Movant as a

defendant and formally accused him of copyright infringement.  The Movant's efforts to

intervene are therefore unnecessary and would have no practical consequence.  *See Atlantic Sea*

*Island Grp. LLC v. Connaughton*, 592 F. Supp. 2d 1, 6 (D.D.C. 2008) ("[W]hether a proposed

intervenor's interest may be impaired by disposition of an action is determined by looking to the

'practical consequences' of denying intervention, even where the possibility of future challenge . . . remain[s] available.").

The Movant relies upon *Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C. Cir. 1977), for the proposition that "it is not enough to deny intervention under 24(a)(2) because [movants] may vindicate their interests in some later, albeit more burdensome, litigation." *Id.* at 910. *Costle*, however, is inapplicable to the present case. In *Costle*, movants sought to intervene in order to participate in settlement negotiations between the National Resources Defense Council and the Environmental Protection Agency (EPA), who were discussing the prospect of the EPA initiating rule-making proceedings for the regulation of certain pollutants. *Id.* at 908-09. The D.C. Circuit implicitly recognized the significant property interests of the movant intervenors that would be implicated by the proposed regulations and therefore held that the movants had a right to intervene to participate in "proceedings on [] key decisions on what not to regulate." *Id.* at 910.

Here, the Court's rationale for denying intervention is not based on the premise that the Movant has a legally protected interest, but can protect those interests at a later time. Rather, as explained above, the Movant does not have a legally protected interest in preventing release of his identifying information that is sufficient to overcome the plaintiff's copyright infringement allegations. Moreover, the Movant's due process rights are not impaired in this case.

### B. Permissive Intervention Pursuant to FED. R. CIV. P. 24(b) Is Unnecessary

Permissive intervention pursuant to FED. R. CIV. P. 24(b) is an "inherently discretionary enterprise" and the Court has "wide latitude" in considering whether intervention is appropriate. *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). In order to present a claim for permissive intervention, the movant must present "(1) an independent ground

for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id.*

Here, permissive intervention is inappropriate.  The Movant does not presently have a legally protected interest sufficient to warrant intervention and his participation as an intervenor would consequently not further resolution of the case any more than it already has.  Indeed, the Court has permitted putative defendants to file motions without formally intervening in the litigation.  Intervention would therefore serve no practical purpose.

## III.    PLAINTIFF'S MOTION FOR SANCTIONS IS DENIED

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that by providing a written motion to the Court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and ] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  FED. R. CIV. P. 11(b)(1)-(2).  Pursuant to Rule 11(c), if the court "determines that Rule 11(b) has been violated, the court may impose an appropriate sanction."

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose."  *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (internal quotation marks omitted).  The test for sanctions under the Rule "is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.  The Court must also take into

consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings.'" *Hickey v. Scott,* 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (quoting *Scruggs v. Getinge USA, Inc.,* 258 F.R.D. 177, 180–81 (D.D.C.2009)).

Here, Mr. Menhart filed a motion to intervene in order to prevent release of his client's identifying information.  Although the Movant's motion consisted mostly of the same substantive arguments that Movant's counsel had advanced in previous motions, which were resolved in prior opinions issued by the Court in this case, there is no evidence that Movant's counsel filed the motion for improper purposes, nor was the motion "so incredible as to warrant sanctions." *1443 Chapin Street, LP v. PNC Bank, Nat'l Ass'n*, 718 F. Supp. 2d 78, 87 (D.D.C. 2010) (denying motion for Rule 11 sanctions in similar circumstances); *see also Melnick v. Press*, No. 06-cv-6686, 2010 WL 3925253, *5 (E.D. N.Y. Oct. 1, 2010) (same).  Consequently, the plaintiff's motion for sanctions is denied.

## IV.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Sanctions against Eric J. Menhart is denied.  An Order consistent with this memorandum opinion will be entered.

**DATED: SEPTEMBER 19, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge