UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAVERICK ENTERTAINMENT | ) | |
| GROUP, INC., | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CA. 1:10-cv-00569-BAH |
| | ) | |
| DOES 1 – 2,115 | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

I. INTRODUCTION

     To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's various motion pictures over the Internet.  At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

     In its August 19, 2011 Minute Order, the Court granted in part Plaintiff's motion for an extension of time to name and serve Defendants to September 19, 2011.  In its Second Amended Complaint, Plaintiff named 2,115 Doe Defendants.  [Doc. No. 111]  As of the date of this

motion, Plaintiff has received identifying information for all Doe Defendants except for 29 IP addresses for which identifying information has been withheld based on motions.[1]  Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the remaining Doe Defendants in this case for an additional 60 days.

Additionally, Plaintiff requests leave to file a Third Amended Complaint that lists one named Defendant and the remaining 29 Doe Defendants.


II. ARGUMENT

   A.      UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE
           TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in

---

[1]  Concurrently herewith, Plaintiff is filing a notice of voluntary dismissal, without prejudice, of the 69 remaining IP addresses for which it has received identifying information and which Plaintiff does not wish to pursue in this jurisdiction.  On August 15, 2011, Plaintiff filed a notice of voluntary dismissal, without prejudice, of 1,975 IP addresses listed in the Second Amended Complaint.  [Doc. No. 154]  On June 13, 2011, Plaintiff filed a notice of voluntary dismissal, without prejudice, of the other 42 IP addresses listed in the Second Amended Complaint.  [Doc. No. 142]

absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996)

(citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

"To determine whether good cause exists, a court considers whether plaintiff made

reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay."

Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good

cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve

process in a timely manner was the result of circumstances beyond its control.'" Eastern

Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999)

(quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3

(S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been

sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct

discovery to identify the defendants and subsequently name and serve them. See Aviles v.

Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated

discovery aimed at determining the officers' identities, and we are hesitant to dismiss a

potentially meritorious lawsuit on essentially procedural grounds when such discovery requests

are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding

that the "district court abused its discretion in not permitting the discovery sought by the

---

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

      B.      PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR
              SERVICE.

Plaintiff has good cause why it has not named and served the Doe Defendants in this case.  First, good cause exists for a further extension because identifying information for a number of IP addresses has been withheld because of motions purportedly filed by the Doe Defendants.  On May 12, 2011, the Court issued a memorandum opinion and order denying all then-pending motions filed by the Doe Defendants.  [Doc. Nos. 133, 134]  By Minute Orders on May 23, 2011, June 17, 2011, August 9, 2011, August 16, 2011, and September 18, 2011, the Court denied additional motions filed by the Doe Defendants.  Plaintiff's counsel has forwarded the Court's Orders to the ISPs and has requested the identifying information for the withheld IP addresses.  However, Plaintiff has yet to receive identifying information for 29 IP addresses withheld for motions.

A significant cause of the delay in the ISPs producing identifying information for IP addresses withheld based on motions, even after the Court has denied a number of motions, is that many ISPs receive motions that do not appear on the Court's docket, and the ISPs attempt to determine from the Doe Defendants whether the motions have actually been filed.  In circumstances where a Doe Defendant has not filed the motion and only sent it to the ISP, most ISPs withhold the identifying information so that the Doe Defendant can then file the motion with the Court.

Further, Plaintiff's counsel has been informed by the ISPs that numerous Doe Defendants have recently re-filed their motions or have filed motions for reconsideration of the Court's prior rulings.  [See, e.g., Doc. No. 156 (a re-filing of Doc. No. 155)]  While the Court has now addressed all outstanding motions, except Doc. No. 118, the ISPs continue to withhold information for the remaining 29 IPs until the ISPs can verify that those specific motions have been denied.  Therefore, good cause exists as to why Plaintiff has not yet named and served the remaining 29 Doe Defendants in this case.  Further, the remaining Doe Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Attached as **Exhibit A** hereto are the 29 remaining Doe Defendants for which Plaintiff seeks an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the ISPs.  In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3] Lastly, Plaintiff respectfully requests that the Court set a deadline by which it will accept Doe Defendant motions in this case so as to allow the ISPs with a definitive resolution of the outstanding 29 Doe Defendant motions.

III. THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT

Leave to amend a complaint under Rule 15(a) shall be "freely give[n] … when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9

_____

[3]  If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).

L.Ed.2d 222 (1962); <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.D.C. 1996).  While the district court has discretion to grant or deny leave to amend, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment."  <u>Foman</u>, 371 U.S. at 182, 83 S.Ct. at 230; <u>Firestone</u>, 76 F.3d at 1208.

Here, justice requires that leave should be granted for Plaintiff to pursue Defendant Snow as a named Defendant in the proposed Third Amended Complaint filed as **Exhibit B** hereto. Defendant Snow, a resident of this district, was identified by Plaintiff as an individual who, without the permission or consent of the Plaintiff, used an online media distribution system to reproduce and distribute to the public the copyrighted motion picture "Deceitful Storm" on May 20, 2010 at 12:03:46 a.m. (UTC) via the IP address 68.49.126.140.  Plaintiff previously listed this IP address in its August 15, 2011 request for voluntary dismissal, without prejudice (Doe Defendant number 2030).

Further, Plaintiff's request to pursue this individual as a named Defendant at this time is not the result of undue delay, bad faith, or a dilatory motive.  Plaintiff received the subpoena production identifying Defendant Snow on or about June 16, 2011 from his ISP, Comcast. Thereafter, Plaintiff sent a letter to Defendant Snow informing him of Plaintiff's claims against him and offering to settle those claims before naming Defendant Snow to the lawsuit.  Defendant Snow has not responded.

Therefore, justice requires that Plaintiff be permitted to file a Third Amended Complaint listing Defendant Snow as a named Defendant and the remaining 29 Doe Defendants.

IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the remaining Doe Defendants in this case and allow Plaintiff to file its Third Amended Complaint.  In an abundance of caution, Plaintiff requests at least an additional 60 days in which to effectuate service on Defendant Snow and to name and serve, or voluntarily dismiss without prejudice, the remaining Doe Defendants.


Respectfully Submitted,

                                         MAVERICK ENTERTAINMENT GROUP, INC.

DATED:  September 19, 2011

                         By:    /s/_____
                                  Thomas M. Dunlap (D.C. Bar # 471319)
                                  Nicholas A. Kurtz (D.C. Bar # 980091)
                                  DUNLAP, GRUBB & WEAVER, PLLC
                                  1200 G Street, NW Suite 800
                                  Washington, DC 20005
                                  Telephone: 202-316-8558
                                  Facsimile: 202-318-0242
                                  tdunlap@dglegal.com
                                  nkurtz@dglegal.com
                                  *Attorney for the Plaintiff*